RODGERS, Justice:
This case came to this Court from a decree of the Chancery Court of Perry County, Mississippi, adopting the report of a special Master in Chancery dismissing an original bill against the Board of Trustees. The dispute in this case arose under the following circumstances.
The Board of Trustees of Richton Municipal Separate School District, hereafter sometimes called Trustees, is a duly organized state school agency created by the laws of Mississippi, qualified and acting in such capacity. The Trustees published a notice in a Richton newspaper requesting bids for prices to furnish gasoline and allied merchandise. The appellant filed a bid in response to the published notice in which he offered to furnish 94 octane gasoline for 21.25 cents per gallon, along with other items. There were other bids, all of which were higher than the appellant’s bid. The Trustees accepted a higher bid filed by the Standard Oil Company to furnish 94 octane gasoline for 21.75 cents per gallon. Whereupon, the appellant sued in his name to require the Trustees to accept his bid and to require the Trustees “to reimburse the taxpayers and school fund for the amount in excess of the low bid.” The appellee, Standard Oil Company, filed a motion to strike this portion of the original bill because the complainant had no standing to sue on behalf of the taxpayers. The Standard Oil Company filed an answer to the original bill in which it denied that complainant had the right to the relief sought. Defendant oil company incorporated a demurrer to the original bill in its answer. The Master in Chancery held both the motion and the demurrer under advisement and proceeded to hear the case on the merits.
The Trustees acted under the authority of Section 6231-02, Mississippi Code 1942 Annotated (Supp.1968). This law permits the Board of Trustees to make contracts for supplies.
* * * Such boards may, in their discretion, let contracts for the purchase of such equipment, materials or supplies to the lowest and best bidders for periods of not more than twelve (12) months in advance * * * Provided, however, when such school board does not let contracts to the lowest bidder, or purchase supplies and equipment from the lowest bidder, the reasons therefor shall be recorded on the minutes of the school board.
In the instant case the Trustees met and opened the bids, including the bid of the *646 appellant. A long discussion was had with reference to the bids. The low bid of appellant was rejected because he did not have gasoline storage tanks, and for certain other reasons not necessary to include in this opinion. The bid of Standard Oil Company was accepted. After the meeting, the minutes of the meeting were written and recorded. These minutes fully reflect the reasons why the low bid of the appellant was not accepted.
In the case of Parker Bros. v. Crawford, 219 Miss. 199, 68 So.2d 281 (1953), we pointed out the general rule:
There is but little dissent from the general rule that public boards and officials are vested with a sound discretion in making a determination as to who is the “lowest and best bidder”, and their decision, when based upon an honest and reasonable exercise of the discretion thus vested in them, will not be interfered with by the courts. 43 Am.Jur., Public Works and Contracts, Section 44. However, such public authorities must always exercise a real discretion based upon facts reasonably tending to support their decision. The rule does not permit them to act arbitrarily. The award must be made reasonably, honestly, and in good faith, but when it appears that they have so acted, the courts will not interfere. Nevertheless, all else being equal, it is the duty of public authorities such as school trustees to accept the bid involving the least expenditure of public funds. (219 Miss, at 209, 68 So.2d at 285)
There are many cases collected under 43 Am.Jur., Public Works and Contracts, Section 44 (1942), for the same rule as that adopted in this state and is thus expressed by the textwriter, the pertinent parts of which are as follows:
* * * Usually, however, as pointed out above, the contract is not required to be awarded to the lowest bidder, without qualification, but is to be awarded to the “lowest responsible bidder,” “lowest and best bidder,” etc., and there is but little dissent from the general rule that in determining who is such “lowest responsible bidder,” “lowest and best bidder,” etc., public boards and officials are vested with wide discretion, and their decision, when based upon an honest exercise of the discretion thus vested in them, will not be interfered with by the courts, even if erroneous. * * *
H* ‡ * # ‡ *
The public authorities must always exercise a real discretion based upon facts reasonably tending to support their decision; the rule does not permit them to act arbitrarily. While an honest determination that a bidder’s bid, though the lowest, is not the best, will ordinarily control, the law does not permit the arbitrary rejection of bids for public work nor arbitrary preference of one bid over another which is lower, or an arbitrary classification of bidders. The award must be made honestly and in good faith; public authorities may not fraudulently cast upon taxpayers a substantially larger burden than necessary, and when it appears that they have so acted, the courts will interfere. All else being equal, it is the duty of the public authorities to accept the bid involving the least expenditure of public funds. * * *
The courts, in a proper case, may always review the action of a legislative administrative agency to determine any question open to judicial review as being contrary to law, but where the administrative agency is required by law to exercise discretion, the Court will examine the facts to determine whether or not the act done was “arbitrary or capricious.” See 2 Am. Jur.2d, Administrative Law, § 620 (1962).
The law requires the administrative agency to record on the minutes the reason why the contract is not let to the lowest bidder. Section 6231-02,' Missiásippi Code 1942 Annotated (Supp.1968). In the instant case this was done.
At the conclusion of the evidence the Master in Chancery overruled the de *647 murrer and sustained the motion of the defendant, Standard Oil Company, to strike out part of the original bill. He held that the evidence did not show that the Trustees abused their discretion and that the decision of the Trustees to award the contract for the purchase of gasoline to Standard Oil Company was not “arbitrary, capricious or discriminatory.” He dismissed the original bill at the cost of the complainant, Pettis D. Walley, d/b/a Walco Oil Company.
We have examined the testimony shown in the record and we agree with the finding of the Master in Chancery as approved by the chancellor. The decree of the chancery court is, therefore, affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.