ROBERTSON, Justice,
for the Court:
This matter is before the Court this day upon the application of Millbrook Property Owners’ Association, Inc., Woodland Heights Property Owners’ Association, Inc. and Millbrook Estates, Inc. (hereinafter collectively “Millbrook”) for an order of this Court directing that they be allowed to participate in proceedings pending in the Circuit Court of Pearl River County on appeal of disposition of a rezoning application by the Mayor and Council of the City of Picayune, Mississippi. The question presented is whether and upon what authority parties might intervene and join or otherwise participate in proceedings before a circuit court when that court is sitting in *923 its capacity as an appellate court. See Miss.Const. Art. 6, § 156 (1890); Miss.Code Ann. §§ 9-7-81, 11-51-75 (1972); Gatlin v. Cook, 380 So.2d 236, 237 (Miss.1980).
It appears that a public hearing was held on January 6,1987, before Picayune’s May- or and Council upon the application of Carle Cooper and others for a change in the zoning ordinance of the city of Picayune. All parties seeking to intervene were present at that hearing. On January 20, 1987, the Mayor and Council rendered their decision in the zoning matter. Carle Cooper, et al., thereupon perfected their appeal to the Circuit Court of Pearl River County where the matter is now pending.
In due course and during the pendency of said appeal, the Millbrook applicants filed in the Circuit Court their request for leave to intervene. On May 11, 1987, the Circuit Court entered its order denying the application for intervention. The matter is here via interlocutory appeal.
It appears that the Circuit Court’s decision was based on its assumption that the Uniform Circuit Court Rules authorized no such intervention and that the Mississippi Rules of Civil Procedure and, particularly, Rule 24 thereof, have application only to trial proceedings before the Circuit Court and not to proceedings wherein the Circuit Court sits as a court of appeals. In short, the Circuit Court’s order makes it appear that the court was of the view that it was without authority to allow the intervention. In this the Circuit Court erred.
Millbrook’s application presented to this Court insists that their interests are not already adequately represented by existing parties. Rather they assert that the parties to the appeal have views substantially antagonistic to Millbrook’s interests. The Millbrook applicants urge further that they would as a practical matter be placed at a substantial practical disadvantage in protecting their legitimate interests if they are not allowed to participate in these appeal proceedings.
A point needs to be emphasized before we go further. No one is suggesting that the record be reopened or that further evidence or testimony be adduced. The application takes the record as it presently exists. Moreover, no enlarged theories or issues may be presented. As in all zoning cases, the issue on appeal is whether the action of the city governing authority was arbitrary or capricious or, as the matter is sometime put, fairly debatable. See, e.g., City of New Albany v. Ray, 417 So.2d 550, 552-53 (Miss.1982). There may be occasions where this latter restriction may be relaxed in appeals of other types of cases.
Any court of this state sitting as an appellate court has the inherent authority to allow additional parties to participate in the appeal upon timely application or upon the court’s invitation. Indeed, there may be occasions when the court should decline to act until all necessary parties have been joined. See Gates v. Union Naval Stores Co., 92 Miss. 227, 229, 45 So. 979 (1908). To be sure, there is nothing in the Uniform Circuit Court Rules which authorizes or expressly addresses the question of intervention of parties on appeal. Moreover, the Circuit Court is entirely correct that the authority and procedure for allowing such intervention or other participation is not to be found in the Mississippi Rules of Civil Procedure, for those rules indeed apply to trial proceedings only, except where therein expressly provided to the contrary.
Subject to the above mentioned restrictions regarding the state of the record and the scope of the issues, the Circuit Court, when sitting as a court of appeals, has the authority to allow third parties to intervene in the appeal. Upon timely application, any such third parly should be permitted to intervene if that party claims an interest relating to the property or transaction which is the subject of the appeal and is so situated that disposition of the appeal may as a practical matter impair or impede his ability to protect that interest, unless that party’s interest is adequately represented by the existing party. This premise, of course, is not susceptible of mechanical application, and necessarily a certain amount of discretion is vested in the Circuit Court when considering an application for intervention. On these conditions, however, the Circuit *924 Court does have authority to allow the intervention. We might add that once intervention is allowed, intervening parties are subject to the full jurisdiction of the court including the authority of the court to assess fees and costs upon the termination of the appeal.
There is a second vehicle whereby persons other than those original parties to an appeal might participate in the appellate process. A brief of an amicus curiae may be filed at the request of the court or by leave of the court. A motion for leave to file an amicus brief should demonstrate that (1) the amicus has an interest in some other case involving a similar question; or (2) counsel for a party is inadequate or the brief insufficient; or (3) there are matters of fact or law which may otherwise escape the court's attention; or (4) the amicus has substantial legitimate interests that will likely be affected by the outcome of the case and which interests will not be adequately protected by those already parties to the case. The court may in its discretion allow an amicus to participate in oral argument.
These points stated, we have considered whether we should order and direct that these three Millbrook applicants be made parties to the pending appeal. We have concluded that we should not so direct at this time. Rather, having clarified generally the authority of the Circuit Court in the premises, we remand for further proceedings not inconsistent with this opinion. Specifically, the Circuit Court is directed to hear and consider and adjudge the applications for leave to intervene by reference to the general standard and criteria set herein above.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ, and DAN M. LEE, PRATHER, ANDERSON and GRIFFIN, JJ., concur.
SULLIVAN, J., not participating.