571 So.2d 932 (1990)
Charles L. COOK and Cook's Ambulance Service, Inc., a Corporation,
v.
BOARD OF SUPERVISORS OF LOWNDES COUNTY, Mississippi, in their Official Capacity.
No. 07-CA-59185.
Supreme Court of Mississippi.
November 28, 1990.
Thomas L. Kesler, Columbus, for appellant.
*933 James Walters, Walters & Easley, Columbus, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and BLASS, JJ.
ROBERTSON, Justice, for the Court:

I.
State law enacts that private enterprise be preferred in the provision of county ambulance service. In today's case a private entrepreneur complains that the Board of Supervisors of Lowndes County, Mississippi, has offended the law by refusing to renew its contract and instead placing the service with the Golden Triangle Regional Medical Center, a public institution.
The statute at issue was enacted as Miss. Laws, Ch. 290, § 5 (1968) and reads:
If there is in operation an adequate privately run ambulance service, then the governing authorities are hereby prohibited from contracting for ambulance services to be run by the public body, but the governing authorities may subsidize such existing privately run ambulance service, in their discretion, if they deem necessary to keep such service in operation.
This law has been codified as Miss. Code Ann. § 41-55-7 (1972).
The Circuit Court allowed the Board to evade the statute. We reverse and remand.

II.
Cook's Ambulance Service, Inc. ("Cook") is a Mississippi corporation having its principal place of business in Columbus, Mississippi. Charles L. Cook is the corporation's sole stockholder and principal operating officer. Beginning in 1984, Cook provided ambulance service to Lowndes County under a contract with the Board of Supervisors. This contract was scheduled to expire on April 1, 1988. Prior to 1984, county ambulance service had been provided by Haynes Ambulance Service, Inc., another private concern, operating out of Bessemer, Alabama.
In 1986, several members of the Lowndes County Medical Association began writing to and visiting with members of the Board of Supervisors arguing the need for upgrading emergency medical service in the area. The specific concern was lack of adequate paramedic service attendant to the ambulance service. At one point the supervisors met with the medical community in the annex to the Golden Triangle Regional Medical Center to discuss the subject.
Without prior notice to Cook or advice that its contract would not be renewed or that the service it was providing was regarded inadequate, the Board of Supervisors, on December 11, 1988, approved a resolution to the effect that, from and after April 1, 1988, the county ambulance service should be provided through the Golden Triangle Regional Medical Center. Golden Triangle is a public agency established in 1942 under the old federal Hill-Burton hospital program. In its resolution, the Board of Supervisors found
... that the need exists in Lowndes County, Mississippi, for the ambulance and related services proposed by said hospital [Golden Triangle] which would not otherwise be available... .
This finding was an apparent reference to Section 41-55-7's proviso that private entrepreneurs be preferred only "if there is in operation an adequate privately run ambulance service" and the complementary provision of Miss. Code Ann. § 41-55-1 (1972) which authorizes the Board to provide ambulance service through public bodies
... upon finding that adequate public ambulance service would not otherwise be available... .
Upon learning of the Board's action, Cook requested in writing that it be notified when the Board was going to convene to consider under the statutes the factual criteria granting the preference to private enterprise. The Board did not respond, nor did it hold a hearing but instead, and somewhat at odds with its December 11 resolution, placed the ambulance service contract up for bids for the four-year term beginning *934 April 1, 1988. The Board received bids in acceptable form as follows:

Haynes Ambulance Service, Inc.
Bessemer, Alabama $1,225,000.00
Cook's Ambulance, Inc.
Columbus, Mississippi 923,000.00
Willie Goss Ambulance Service
Kosciusko, Mississippi 1,070,000.00
Golden Triangle Regional Medical Center
Columbus, Mississippi 500,000.00

On February 3, 1988, the Board accepted Golden Triangle's bid, and seven days later Cook's Ambulance Service, Inc. commenced the present action in the Circuit Court of Lowndes County, Mississippi. Cook styled his action one for a writ of prohibition. The Circuit Court cut through the form and heard the matter on its merits[1] and on March 8, 1988, dismissed Cook's action. The Court acknowledged that
The only real question before the Court is whether the defendants [Board of Supervisors] have complied .. . [with] Section 41-55-7.
The Court found that it had on grounds
The evidence indicated that additional services were required, namely paramedics and Defendants needed ambulance service for the County and such service was not provided by the Plaintiff [Cook's Ambulance Service, Inc].
Cook now appeals to this Court.

III.
We have considered whether this is one of those matters where judicial review lies only via appeal through that familiar process where the party aggrieved by board action files a bill of exceptions in circuit court. Miss. Code Ann. § 11-51-75 (1972); Moore v. Sanders, 569 So.2d 1148, 1149, (Miss. 1990); Shannon Chair Company v. City of Houston, 295 So.2d 753, 754 (Miss. 1974). This process contemplates the circuit court sitting in an appellate capacity, see Thornton v. Wayne County Election Commission, 272 So.2d 298, 302 (Miss. 1973), which in turn contemplates the board having held a hearing on the matter in issue, albeit not necessarily one according to the form of a trial in a court of law. Nothing here suggests the board held any such hearing. Nothing preceding the December 11, resolution has been preserved so that it may be reviewed. The same is true of the February 3 resolution accepting Golden Triangle's bid.
This becomes one of those cases where a party with standing challenges board action on grounds it is ultra vires and where that party is entitled to proceed de novo. In any event, Cook filed in Circuit Court within ten days and, if it were necessary, we could simply treat Cook's petition for writ of prohibition as an appeal. See, e.g., Canton Farm Equipment, Inc. v. Richardson, 501 So.2d 1098, 1102-05 (Miss. 1987). More than eight years ago we declared there was but one form of civil action, see Rule 2, Miss.R.Civ.P., Dye v. State ex rel. Hale, 507 So.2d 332, 337 n. 4 (Miss. 1987); Hall v. Corbin, 478 So.2d 253, 256 (Miss. 1985), and are not about to get hung up on the label Cook placed on the papers it filed in Circuit Court. Shannon v. Henson, 499 So.2d 758, 762 (Miss. 1986); Moore v. Moore, 451 So.2d 226, 227 (Miss. 1984). The Circuit Court correctly allowed the parties to present evidence, all of which was received without Board objection.

IV.
Cook begins urging the traditional view of the limited authority of boards of supervisors, e.g., H.K. Porter Co., Inc. v. Board of Supervisors of Jackson County, 324 So.2d 746, 754 (Miss. 1975) (board has no authority other than that delegated to it by the legislature); State of Mississippi v. Board of Supervisors of Warren County, 233 Miss. 240, 267, 102 So.2d 198, 208 (1958) (same); Howe v. State, 53 Miss. 57 (1876) (same). That view has been significantly relaxed. Miss. Code Ann. § 19-3-40 (Supp. 1990); Harrison County v. City of Gulfport, 557 So.2d 780, 784-85 (Miss. 1990). The point need not detain us, for the Board does not deny it is subject to Sections 41-55-7, only that its strictures have been met.
*935 Before the Circuit Court the parties developed the history of ambulance service in Lowndes County. Until the late 1960's, local funeral homes provided the service. Following the enactment of the 1968 statute, the Board of Supervisors took up the matter and on February 3, 1969, entered into a contract with Golden Triangle's predecessor, the Lowndes County General Hospital, for the provision of public ambulance service upon a finding "that no adequate public ambulance service is [otherwise] available to the citizens of the county... ." Some years later, the service was placed in private hands, first through Haynes, and in 1984 the contract was awarded to Cook.
Questions of the adequacy of Cook's service centered around the fact that he did not provide paramedical service as an auxiliary to his ambulance service. Several years into the contract the county purchased for Cook a defibrillator to be used primarily in cardiac emergencies. Cook used the defibrillator monitoring patients being taken to the hospital but did not have personnel qualified to use its other capabilities. The contract, however, did not obligate Cook to provide the paramedical service.
The only deficiency the Board charged to Cook under his existing contract was his alleged failure to provide monthly financial reports. The contract required that Cook furnish to the Board of Supervisors a C.P.A.-prepared monthly operating financial statement. Cook said he made monthly reports but conceded they did not meet the standards of the contract. No one suggests, however, that this was the grounds upon which the Board determined not to renew Cook's contract but, rather, to contract with Golden Triangle.
Much is made in the record of additional and upgraded services Golden Triangle will be providing. Again, this has largely to do with the provision of paramedical services. Significantly, and without contradiction, the record reflects that as of the Spring of 1988, Golden Triangle possessed no ambulance or related service capabilities Cook did not possess. Under the Board's upgrade plan, Golden Triangle would send its personnel, at the county's expense, to the Northeast Emergency Medical Services training center in Tupelo, Mississippi, where physicians, nurses and paramedicals would receive specialized emergency services training.[2] This training program was expected to extend over some two years and would progress from a basic life support system level to an intermediate level and finally to an advanced level. No reason is given why Cook Ambulance personnel could not be similarly trained within a similar period of time and at a similar county expense to provide similar service. Indeed, Cook insists it is ready to take advantage of such upgrade training on like terms. We repeat that as of April, 1988, Golden Triangle had no demonstrated capacity to provide service beyond that which Cook was providing and able to provide for the foreseeable future. Indeed, Lowndes County Supervisor J.L. Williams testified that in the end the only reason the Board gave the contract to Golden Triangle rather than Cook was that Golden Triangle's bid was much lower, not because Cook's service was inadequate.
One central question concerns the effect of the official action of the Board of Supervisors. Though its language is loose, there can be no doubt but that the Board's final resolution made findings which, if credited, may properly predicate the Board's avoiding the legislatively-declared primary policy preference for private enterprise ambulance service. See People's Bank of Weir v. Attala County, 156 Miss. 560, 126 So. 192, 193 (1930). Courts are loathe to interfere in the face of such findings and, were we to regard these as findings of legislative facts predicate to public policy determinations, the Board's finding would no doubt be beyond judicial review. Here, the question is whether there be in operation and available to Lowndes County "an adequate privately run ambulance service." The matter is essentially one of adjudicative *936 fact. The word "adequate" takes on meaning from Section 41-55-1's declaration that the Board may provide service through a public agency only "upon finding that adequate public ambulance service would not otherwise be available."
What is important to recognize is that the Board's action may not stand solely upon a conclusion that Cook's service is inadequate. Goss Ambulance Service out of Kosciusko and Haynes Ambulance Service out of Bessemer, Alabama, also offered to provide the service, and it appears in fact that Haynes held the contract in the early 1980's and prior to Cook coming upon the scene. The record is silent with respect to the adequacy of the services Goss and Haynes may have provided except, however, for the contracts the two proposed with their bids at least on paper would meet all of the county's requirements. There is nothing in the record to suggest either was unable to meet these requirements.
Section 41-55-7 does not speak to the relative rights or standing of private ambulance services among themselves, nor does it afford a criteria for preferring one over another. Rather, the statute addresses only the relative standing of private entrepreneurs as a whole vis-a-vis public providers and mandates private preference where at least one such private entity may provide probable proof that its ambulance service is and will be adequate.
Beyond this, we think it clear Section 41-55-7 regards the matter of contract price essentially irrelevant. The fact that Golden Triangle was willing to provide the ambulance services at $500,000.00 for the four-year period, while Cook's bid was $923,000.00 is of no effect, provided the service Cook was able to provide was adequate. It is hardly surprising that a public (and presumably non-profit) concern could provide the service at a lesser direct cost than could a private entrepreneur.
In the end, we hold the Board's findings of ultimate fact regarding the adequacy of ambulance service through private concerns to be subject to the same limited judicial review as is available in the case of other inferior tribunals whose actions have been appealed. Courts may interfere only where the action of the board is arbitrary or capricious and is without support in the substantial credible evidence. Melody Manor Convalescent Center v. Mississippi State Department of Health, 546 So.2d 972, 974 (Miss. 1989); Eidt v. City of Natchez, 421 So.2d 1225, 1231-32 (Miss. 1982); Smith v. Sullivan, 419 So.2d 184, 187-88 (Miss. 1982); Walley v. Richton Municipal Separate School District, 241 So.2d 644, 646 (Miss. 1970); but see, Leigh v. Board of Supervisors of Neshoba County, 525 So.2d 1326, 1328 (Miss. 1988) (where review is on record consisting of pleadings and exhibits and "no oral testimony of witnesses," review is de novo; appellants "should not be held to the manifest error standard"). Similarly, we may reverse the Circuit Court's findings of ultimate fact only where those findings fail to survive scrutiny under a like standard.
The statute directed that the Board evaluate the adequacy of ambulance service through private concerns generally. The record before the Circuit Court proceeds from a different view, as the evidence is more of a comparative one pitting Cook, on the one hand, against Golden Triangle, on the other. Because the Board accepted Golden Triangle's bid, we certainly take it that Golden Triangle's proffered service was regarded adequate. This is important, for, as we have noted, there is on this record a complete absence of evidence suggesting that as of the Winter of 1988, Golden Triangle had the capacity to provide service beyond the capacity of Cook (or any other private concern, for that matter). Under these circumstances, but a single conclusion is available: that in the Winter of 1988, there was in operation and available to Lowndes County "an adequately run private ambulance service," and, concomitantly, that there was no basis for "finding that adequate public ambulance service would not otherwise be available." Under these circumstances, the action of both the Board of Supervisors and the Circuit Court was arbitrary and capricious and without support in the substantial credible evidence in the record.

*937 V.
We end where we began. The legislature has enacted that the public policy of this state shall be to prefer private enterprise in the provision of public ambulance service. One cannot help but wonder whether there may be implicit in this choice the risk that persons in need of emergency service may be denied such in the name of profit, but this is a point that may only be pressed in the legislature. So long as Sections 41-55-1 and 41-55-7 enjoy legal validity and read as they presently read, this Court is obligated to see that they are respected.
The Board tells us this case "centers around" its "desire ... to provide the best quality of emergency care possible for the people of Lowndes County." We applaud the Board's desire but would remind it that, whereas it may have major authority and responsibility regarding the provision of public services to the citizens of the respective counties, it has no power that it may not exercise consistent with the constitution and laws of this state. And it may not circumvent those laws by pretended findings which lack documented (or at least documentable) evidentiary bases. Something more than mere recitation of statutory language is required.
We reverse the judgment below and remand this case to the Circuit Court of Lowndes County for further proceedings not inconsistent with this opinion. We well recognize that nothing said here should be taken as ordering that Cook's Ambulance Service, Inc. be given the Lowndes County ambulance service contract. Rather, what  and all  we decree is that the Lowndes County Board of Supervisors proceed faithfully in accordance with the legislative mandate.[3] If we go back to the beginning we find that all Cook ever asked was whether and when the Board was going to inquire into the factual matters implicated in Sections 41-55-1 and 41-55-7 preliminary to deciding whether there was available adequate private ambulance service. We emphasize that in its further proceedings the Board may and should proceed de novo and inquire carefully and fully into the adequacy of "privately run ambulance service" available to the county.
En route to such adjustment as today's decision may require, we recognize the necessity that the citizens of Lowndes County be provided continuous and adequate ambulance service. The Circuit Court may provide such supervisory oversight as is appropriate to assure that, pending compliance with today's decision, the public need is met.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
NOTES
[1] The Circuit Court convened on February 19, 1988, to hear Cook's plea for temporary relief. Without objection, the Court converted the hearing into one on the merits. See Rule 65(a)(2), Miss.R.Civ.P.
[2] Northeast operates this program under regulations promulgated by the Mississippi State Board of Health. Miss. Code Ann. § 41-60-13 (1972).
[3] Golden Triangle Regional Medical Center is not a party to this action. Nothing said here considers or addresses the matter of the authority of Golden Triangle or any other public hospital to maintain and operate ambulance service. See Miss. Code Ann. §§ 41-13-35(5)(p) and 41-55-9 (1972 and Supp. 1990).