# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00130-SCT

*TERESA MALONE d/b/d MALONE AMBULANCE SERVICE*

*v.*

*LEAKE COUNTY BOARD OF SUPERVISORS; WILLIAM C. BROCK, IN HIS OFFICIAL CAPACITY AS SUPERVISOR AND IN HIS INDIVIDUAL CAPACITY; H.V. NEAL, IN HIS OFFICIAL CAPACITY AS A SUPERVISOR AND IN HIS INDIVIDUAL CAPACITY; DAVIS GILL, IN HIS OFFICIAL CAPACITY AS A SUPERVISOR AND IN HIS INDIVIDUAL CAPACITY; OLIVER SMITH, IN HIS OFFICIAL CAPACITY AS A SUPERVISOR AND IN HIS INDIVIDUAL CAPACITY; JOE ANDY HELTON, IN HIS OFFICIAL CAPACITY AS A SUPERVISOR ONLY; AND H.L. GOOLSBY d/b/a CARTHAGE AMBULANCE SERVICE*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/7/2002 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM E. SPELL |
| ATTORNEYS FOR APPELLEES: | TIMOTHY DALE CRAWLEY |
| | JEFFERY T. WEBB |
| | LANNY R. PACE |
| | JIMMIE B. REYNOLDS |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 03/27/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., EASLEY AND GRAVES, JJ.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from a judgment of the Circuit Court of Leake County, Mississippi, affirming the decision of the Leake County Board of Supervisors (Board) to award the county ambulance contract to H. L. Goolsby d/b/a Carthage Ambulance Service.  Aggrieved by the Board's decision, Teresa Malone d/b/a Malone Ambulance Service (Malone)  appeals and submits the following issues for this Court's review:  (1) whether the circuit court erred in denying Malone a de novo trial under Miss. Code Ann.§ 11-46-1 (Rev. 2002); (2) whether the circuit court erred in its determination that Malone's exclusive remedy is under Miss. Code Ann.§ 11-51-75 (Rev. 2002); and  (3) whether the circuit court erred in its holding that the action of the Leake County Board of Supervisors awarding an ambulance contract to Carthage Ambulance Service was not an ultra vires act.

## FACTS

¶2.     Malone Ambulance Service and Carthage Ambulance Service are privately owned  companies located in the City of Carthage, Mississippi.  After publishing a notice requesting proposals for the county ambulance contract, the Board received proposals from Malone and Goolsby. On October 16, 2000, the Board entered an order awarding the contract to Carthage Ambulance Service.  Malone filed an action for a preliminary injunction and other relief in the Chancery Court of Leake County on October 27, 1999.  The chancery court entered an order on December 16, 1999, transferring the matter to the Circuit Court of Leake County.    An agreed order of dismissal was entered by the circuit court on August 31, 2000, pursuant to Rule 41(a)(2) of the Mississippi Rules of Civil Procedure.   Malone  filed a tort action on January 23, 2001, against the Leake County Board of Supervisors for contracting with H. L. Goolsby,

2

d/b/a Carthage Ambulance Service to provide ambulance service for Leake County and challenged its decision to extend and renew the contract to Carthage Ambulance Service. The circuit court found that

> [T]he action of the Leake County Board of Supervisors, dated January 16, 2001, wherein it awarded the contract for ambulance service for Leake County to H.L. Goolsby, d/b/a Carthage Ambulance Service, be, and the same is hereby affirmed, and that the Complaint of Teresa Malone, dba Malone Ambulance Service, be, and the same is hereby dismissed

Malone filed a timely notice of appeal on January 23, 2002.

## DISCUSSION

¶3.     The standard of review for the findings of a Board of Supervisors regarding the adequacy of ambulance service through private concerns is the same as for other inferior tribunals. *See Cook v. Bd. of Supervisors of Lowndes County*, 571 So.2d 932, 936 (Miss. 1990).  This Court may only reverse an action of the Board if it is arbitrary and capricious, or is not supported by substantial evidence. *Id.* Furthermore, this Court may reverse the findings of the circuit court where those findings fail to survive scrutiny under a like standard of review. *Id.*

¶4.      Malone argues that the circuit court erred in  affirming the  Board's action  approving the ambulance contract in favor of Carthage Ambulance Service in violation of Miss. Code Ann. § 41-55-7(1). In addition, Malone asserts that because the Board made no finding that Malone was not an adequately run private ambulance service, it acted erroneously in inviting bids and subsequently entering into a contract with another ambulance service provider. Stated another way, Malone contends the statute compels the Board to only contract with Malone so long as it continues to qualify as an adequately run private ambulance service.

¶5.     Miss. Code Ann. § 41-55-7 (Rev. 2001) states the following:

> If there is in operation an adequate privately run ambulance service, then the governing authorities are hereby prohibited from contracting for ambulance services to be run by the

public body. The governing authorities may, however, subsidize such existing privately run ambulance service, in their discretion, if they deem necessary to keep such service in operation.

¶6. We do not agree with Malone's interpretation of the statute. A reading of the statute convinces this Court that it clearly mandates that a county show a preference to a private provider of ambulance service over a public provider of ambulance service. *Cook*, 571 So. 2d at 937. However, the statute does not prohibit the Board from awarding the contract to another private entity because there is an existing adequate privately run ambulance service that has previously been awarded the contract. Here, the Board showed a preference to a private provider of ambulance service by awarding the contract to Carthage Ambulance Service. We find that the Board acted in compliance with the statute in making its decision. Therefore, we affirm on this issue.

¶7. Malone argues that § 11-51-75 is not her exclusive remedy but that a de novo tort action is the appropriate remedy. Miss. Code Ann. § 11-51-75 states in pertinent part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

It is true that where a county fails to hold any kind of hearing, a party with standing is entitled to de novo review. *Newell v. Jones County*, 731 So.2d 580, 582 (Miss. 1999) (citing *Cook*, 571 So.2d at 936). However, here, the Board presented minutes for October 2 and 16, 2000, November 20, 2000, December 18, 2000, and January 16, 2001, where the contract for ambulance service was discussed.

4

Notably, the record reflects that the Board held a hearing on October 16, 2000, regarding the qualifications of Malone and Carthage Ambulance Service. After a complete discussion of the merits of both ambulance companies, there was a motion to award the contract to Carthage Ambulance Service. The motion was properly seconded. One board member excused himself from the meeting citing a potential conflict of interest. The four remaining board members voted unanimously to award the contract to Carthage Ambulance Service.

¶8.    Furthermore, the minutes from January 16, 2001, reflect that the Board considered proposals for ambulance service again. The Board found that it was in the best interest of the County to accept Carthage Ambulance Services' proposal and that it was an adequate privately run ambulance service. Thereafter, the Board voted to renew the contract in substantially the same form.

¶9.    Malone's exclusive remedy under the statute was to appeal the decision of the Board to the circuit court. For the aforementioned reasons, this issue lacks merit.

¶10.    Malone suggests that she is not asking that the contract be rescinded, but seeks instead damages in tort action based upon the ultra vires acts of the Board by unlawfully approving a contract outside the scope of its authority.

¶11.    An ultra vires act is one which is beyond the powers conferred upon a county by law. See *Biloxi Firefighters Ass'n v. City of Biloxi*, 810 So.2d 589, 593 (Miss. 2002). The statute accords the Board the right to contract for ambulance service with an adequate privately run ambulance company. Miss. Code Ann. § 41-55-7 (Rev. 2001). Because the Board was acting within the confines of its authority under the statute, we find that this issue lacks merit.

## CONCLUSION

¶12. For these reasons, this Court affirms the judgment of the circuit court affirming the decision of the Leake County Board of Supervisors to award the ambulance service contract to Carthage Ambulance Service.

¶13. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY AND CARLSON, JJ., CONCUR. McRAE, P.J., AND DIAZ, J., NOT PARTICIPATING.**