*1161 RANDOLPH, Justice,
for the Court:
¶ 1. Aggrieved by the Jackson City Council’s decision to award a contract to Jackson Water Partnership (“JWP”), United Water Services and its affiliate, United Water Services of Mississippi, LLC (collectively “UWS”), appealed the City Council’s decision, pursuant to Mississippi Code Section 11-51-75 (Rev.2002), in the Circuit Court of the First Judicial District of Hinds County, Mississippi. JWP filed a motion to intervene, which the circuit court denied. JWP and the City of Jackson (“City”) timely perfected this appeal of the order denying JWP’s motion to intervene. We affirm.
FACTS
¶ 2. In March 2008, the City issued a Request for Proposals (“RFP”) for the Operation, Maintenance and Management of the Wastewater Facilities. Various vendors, including UWS and JWP, submitted proposals on or about May 20, 2008. An “Evaluation of Proposals for the Operation, Maintenance and Management of Wastewater Facilities” prepared by the City’s Department of Public Works revealed a “pricing comparison” of the three submitted bids, as follows: Southwest Water Company — $8,019,170.31; UWS— $2,615,996.05; JWP — $4,689,018.13.[1] Following multiple special meetings reflected in the bill of exceptions, the Jackson City Council, by a four-to-one vote, awarded the contract to JWP on November 10, 2008.
¶ 3. Aggrieved by this decision, UWS filed a notice of appeal with the circuit court pursuant to Section 11-51-75. UWS claimed that the City, in awarding the wastewater contract, had engaged in an unlawfully executed RFP process. JWP moved to intervene in the action, to which the City filed a joinder. Thereafter, the circuit court denied JWP’s motion to intervene. JWP and the City now appeal.
ISSUE
¶ 4. This Court will consider:
Whether the circuit court erred in denying JWP’s motion to intervene in the underlying appellate proceedings between UWS and the City.
ANALYSIS
¶ 5. The right to appeal the City’s action was created by the Legislature. UWS filed the appeal pursuant to Section 11-51-75, which provides that “[a]ny person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal....” Miss.Code Ann. § 11-51-75 (Rev.2002) (emphasis added). JWP clearly was not “aggrieved,” because it was awarded a contract paying it $2 million more than what UWS had bid to perform the same services. The rationale behind permitting only the “aggrieved” to appeal is logical. It is not the act or conduct of a prevailing bidder which is subject to examination at the appellate level. Rather, the circuit court sitting as an appellate court was charged with determining whether the “decision of the board of supervisors, or municipal authorities” was arbitrary, capricious, or contrary to applicable law. See Falco Lime, Inc. v. Mayor & Aldermen of the City of Vicksburg, 836 So.2d 711, 721 (Miss.2002); Cooper v. City of Picayune, 511 So.2d 922, 923 (Miss.1987); Miss.Code Ann. § 11-51-75 (Rev.2002). Although *1162 the prevailing bidder may be interested, it is not a necessary or indispensable party, nor a proper party under the statute granting the right of appeal solely to the “aggrieved.” Miss.Code Ann. § 11-51-75 (Rev.2002). UWS, an “aggrieved” party, sought appellate relief. JWP moved to intervene in the appeal, despite the absence of a right to appeal or intervene under Section 11-51-75.
¶ 6. JWP claims its right to intervene arises from Mississippi Rule of Civil Procedure 24. But this Court in Cooper clearly pointed out that “the Mississippi Rules of Civil Procedure ... apply to trial proceedings only, except where therein expressly provided to the contrary.” Cooper, 511 So.2d at 923. Moreover, post-Cooper, the Mississippi Rules of Appellate Procedure were adopted and now control appeals. See “Order Adopting the Mississippi Rules of Appellate Procedure” (“the Mississippi Rules of Appellate Procedure will promote the prompt, fair, and efficient administration of justice on appeal .... [T]he [Rules] ... are[ ] adopted as rules governing all proceedings in the Mississippi Supreme Court and the Court of Appeals of the State of Mississippi, and the trial courts of this State to the extent provided ....”) (emphasis added). The Mississippi Rules of Appellate Procedure clearly and unequivocally do not provide for intervention at the appellate level.[2]
¶ 7. Mississippi Rule of Appellate Procedure 1 provides that:
[t]hese rules govern procedure in appeals to the Supreme Court of Mississippi and the Court of Appeals of the State of Mississippi, and proceedings on petitions for writs or other relief which the Supreme Court or the Court of Appeals or a justice of the Supreme Court or judge of the Court of Appeals is empowered to grant. When these rules provide for the making of a motion in the trial court, the procedure for making such motion shall be in accordance with the practice of the trial court.
M.R.A.P. 1. The Comment to Rule 1 adds that the enumerated:
[r]ules which provide for the making of a motion in the trial court include Rules 4(g), extension of time to appeal; 6, determination of in forma pauperis status; 8(b), stay on appeal to be first sought in trial court; and 10(e)[,] correction of record on appeal. Trial court practice is governed by the Mississippi Rules of Civil Procedure, Mississippi Rules of Evidence, applicable uniform rules, and local rules where adopted pursuant to M.R.C.P. 83. The term “trial court” in these rules includes a circuit or chancery court sitting as an appellate court.
*1163 M.R.A.P. 1 cmt. Based upon this Comment, the dissent maintains that “the Rules of Appellate Procedure ... require the application of the Mississippi Rules of Civil Procedure to a circuit court sitting as an appellate court.” (Diss. Op. at ¶ 31). This Court agrees that the Rules as enumerated in the Comment can be applicable in an appealed case.[3] But common sense dictates that the applicability of certain Mississippi Rules of Civil Procedure, Mississippi Rules of Evidence, uniform rules, and local rules adopted pursuant to Mississippi Rule of Civil Procedure 83, will depend upon the nature of the appeal.[4] In a trial de novo (for example, a direct appeal from justice court or municipal court), the Mississippi Rules of Civil Procedure (including Rule 24 on intervention) and the Mississippi Rules of Evidence would apply. See URCCC 5.01, 5.07 (“[a]ll proceedings on an appeal de novo will be governed by the Mississippi Rules of Civil Procedure, where applicable, the Mississippi Rules of Evidence, and these Rules”). But the dissent’s reliance on language from Cooper contained in Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996), does not support intervention on appeal in the present case. (Diss. Op. at ¶ 19). Cummings involved a primary election contest, which also is a trial de novo. See Miss.Code Ann. § 23-15-931 (Rev.2007) (“[t]he special tribunal ... shall fully hear the contest or complaint de novo....”).
¶ 8. Likewise, the dissent’s proposition that “[t]his Court repeatedly has allowed a circuit court to proceed de novo in an action appealed under Section 11-51-75 where a board failed to conduct a hearing on the matter in issue [,]” is not only delusive, but also altogether inapplicable in the present case. (Diss. Op. at ¶ 21) (emphasis added). It is delusive because “where no hearing is held, the action does not really proceed under Section 11-51-75 at all[,]” and because the proposition from Cook v. Board of Supervisors of Lowndes County, 571 So.2d 932, 934 (Miss.1990), cited by the dissent,[5] was later questioned in Falco Lime insofar as Cook failed to provide citation to similar cases, “[n]or does our research readily yield a list of them.” Falco Lime, 836 So.2d at 717-18 n. 4.
¶ 9. A de novo appeal under Section 11-51-75 is inapplicable here because sufficient “hearing” proceedings were held. The dissent’s argument to the contrary is a red herring, distracting focus from the only issue presented on appeal, i.e., intervention. The appellate briefs filed herein in no way assert a lack of “hearing” or claim that the trial court erred in failing to conduct a de novo trial. JWP’s brief proclaims this certainty, unequivocally stating that following the submission of competing proposals:
there ensued lengthy and complex administrative proceedings, in which the City negotiated with both [JWP] and [UWS]. The matter was considered by the Jackson City Council on several dif *1164 ferent occasions. At different times during the course of the proceedings, the Director of Public Works, acting for the Mayor, made different recommendations as to which of the competing entities ... should be awarded the contract. The details of these involved proceedings are beyond the scope of the present appeal, which involves the limited issue of intervention. Suffice it to say that at a special meeting held on November 10, 2008, the Jackson City Council, by a vote of 4-1, accepted the final recommendation of the Public Works Director and of the Mayor to award the contract to [JWP].
(Emphasis added.) UWS argues that its circuit court appeal “alleges ... that the City acted arbitrarily, capriciously, and contrary to law throughout the procurement process and in its ultimate decision to deny the award of contract to [UWS].”
¶ 10. Moreover, this Court has stated that the hearing requirement is “not necessarily one according to the form of a trial in a court of law.” Cook, 571 So.2d at 934. This Court has declined:
to limit the application of Section 11-51-75 to those instances where city or county governing boards call in witnesses or interested parties pro and con and listen to them express their opinions before reaching a decision. Such a limitation would drastically limit the application of Section 11-51-75 and would also be inconsistent with our already-cited holding that the statute applies to “any act” that aggrieves a party. City and county government does not require a straw vote of interested parties whenever an action is proposed, however pragmatically desirable such participation may be in some cases. Numerous statutes mandate a formal hearing by board or council, but Falco has adduced none of these as controlling the present case. On the contrary, we have stated that a county board need not “recite all the evidence that appeared before them, or ... set out in full, in them order, all the eviden-tiary matters pertinent to the controversy” in order for its órder to be valid. Hall v. Franklin County, 184 Miss. 77, 86, 185 So. 591, 594 (1939) (holding that absence of such evidence in board’s order did not justify circuit court in going beyond bill of exceptions).
Falco Lime, 836 So.2d at 718-19. See also Malone v. Leake County Bd. of Supervisors, 841 So.2d 141, 144-15 (Miss.2003) (sufficient evidence of “hearing” through Board minutes discussing subject contract, hearing regarding qualifications of bidders, motion to award contract, and unanimous vote). The voluminous bill of exceptions presented in this case includes, inter alia, the RFP issued by the City, the “Evaluation of Proposals” prepared by the City’s Department of Public Works, multiple sets of minutes from special meetings of the City Council, an excerpt from the September 18, 2008, special meeting, and the November 11, 2008, “Order Authorizing May- or to Execute Contract with [JWP] for the Management of [the City’s] Wastewater Treatment Facilities.” Accordingly, unlike Cook, this is not an exceptional case bereft of hearing, “where a party with standing challenges board action on grounds it is ultra vires and where that party is entitled to proceed de novo.” Cook, 571 So.2d at 934.
¶ 11. Regarding appeals under Section 11-51-75:
the circuit court sits only as an appellate court, and may consider no evidence presented outside the bill of exceptions .... This has been in place for over 150 years: “An appeal by bill of exceptions would necessarily confine the revising Court to the matters of law arising upon the exceptions.” Yalabusha Coun *1165 ty v. Carbry, 11 Miss. 529, 548 (1844), overruled on other grounds by Dismukes v. Stokes, 41 Miss. 430, 435 (1867)....
Falco Lime, 836 So.2d at 716. The circuit court sitting as an appellate court applies the same standard of review “to the Board’s legislativefact” as to the “review of administrative agency decisions.” Id. at 721. That is, the Board’s action will be reversed only “if it is arbitrary and capricious, or is not supported by substantial evidence.” Malone, 841 So.2d at 143. In this context, little beyond Uniform Circuit and County Court Rules 5.02 through 5.10 applies. See URCCC 5.02 to 5.10. As the present case involves this type of appeal, intervention was not an option available to JWP under the Rules.[6]
¶ 12. But this is not to say that the participation of additional parties should be barred. As Cooper aptly recognized, “[a]ny court of this state sitting as an appellate court has the inherent authority to allow additional parties to participate in the appeal upon timely application or upon the court’s invitation.” Cooper, 511 So.2d at 923. Mississippi Rule of Appellate Procedure 29 provides an avenue for persons other than the parties to participate in the appellate process via the filing of an amicus curiae brief. See M.R.A.P. 29; Cooper, 511 So.2d at 924 (endorsing participation in the appellate process through filing an amicus curiae brief).
¶ 13. JWP certainly had the right to seek participation at the appellate level by seeking leave to file an amicus curiae brief, however, intervention was not an available option. As no constitutional provision, statute, or court rule permits intervention, the adoption of the Mississippi Rules of Appellate Procedure effectively supplanted that portion of Cooper’s holding which provides, without citation, that “the [c]ircuit [c]ourt, when sitting as a court of appeals, has the authority to allow third parties to intervene in the appeal.” Cooper, 511 So.2d at 923. If the year was 1910, rather than 2010, this Court might agree with the dissent that Gates controls. Likewise, if it was 1987, this Court might agree with former Justice Robertson that Cooper was controlled by Gates. See id. But, at present, the Mississippi Rules of Appellate Procedure control exclusively.
¶ 14. The circuit court properly denied JWP’s Motion to Intervene, but that denial should have been premised upon the absence of any authority for a circuit court sitting as an appellate court to grant JWP’s Motion to Intervene. “It is well established in our jurisprudence that the right result reached for the wrong reason will not be disturbed on appeal.” Green v. Cleary Water, Sewer & Fire Dist., 17 So.3d 559, 572 (Miss.2009) (citations omitted).
CONCLUSION
¶ 15. As no authority existed for JWP to intervene, the circuit court’s denial of JWP’s motion to intervene was proper, albeit for the wrong reason. The order of the Circuit Court of the First Judicial District of Hinds County is affirmed.
¶ 16. AFFIRMED.
*1166 WALLER, C.J., CARLSON, P.J., DICKINSON, CHANDLER AND PIERCE, JJ., CONCUR. LAMAR, J., CONCURS IN RESULT ONLY. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.

. These figures were a "5 year Fixed Fee Total (assume 3% per Year).” Contrary to the dissent’s assertion that, "[cjommon sense dictates that the City merely has an interest in awarding the contract to the lowest and best bidder[,]” the City Council actually awarded the contract to the highest bidder, a bid more than $2 million greater than that of UWS. (Diss. Op. at ¶ 38).

. This is in contrast to the Federal Rules of Appellate Procedure. See F.R.A.P. 15(d) (intervention permitted under Title IV — "Review or Enforcement of an Order of an Administrative Agency, Board, Commissioner, or Officer”). This important distinction between the Federal Rules of Appellate Procedure and the Mississippi Rules of Appellate Procedure renders State of Texas v. U.S. Department of Energy, 754 F.2d 550 (5th Cir.1985), cited by the dissent, distinguishable. See id. at 551 ("Rule 15(d) of the Federal Rules of Appellate Procedure governs interventions in administrative appeals such as this one.”). Again, the Mississippi Rules of Appellate Procedure do not provide for intervention at the appellate level. The remaining federal cases cited by the dissent are plainly distinguishable as they each address a federal district court sitting as a trial court, not an appellate court. See Ingebretsen v. Jackon Pub. Sch. Dist., 864 F.Supp. 1473 (S.D.Miss.1994); Bush v. Viterna, 740 F.2d 350 (5th Cir.1984). While each case provides an excellent discussion of intervention under Federal Rule of Civil Procedure 24, ultimately denying intervention in both cases, that is not the scenario before this Court. See Ingebretsen, 864 F.Supp. at 1485; Bush, 740 F.2d at 358-59.

. For instance, Mississippi Rule of Appellate Procedure 31(c) requires the filing of "[a]n original and three (3) copies of all briefs....” M.R.A.P. 31(c). But in the context of a circuit court sitting as an appellate court, Uniform Circuit and County Court Rule 5.06 logically requires "only an original and one copy of each brief.” URCCC 5.06.

. Uniform Circuit and County Court Rule 5.01 states, "[ejxcept for cases appealed directly from justice court or municipal court, all cases appealed to circuit court shall be on the record and not a trial de novo.” URCCC 5.01.

.See Cook, 836 So.2d at 717-18 (stating that it is “one of those cases where a party with standing challenges board action on grounds it is ultra vires and where that party is entitled to proceed de novo ....”) (emphasis added).

. Extending the dissent's argument on the comprehensive application of the Mississippi Rules of Civil Procedure to circuit courts sitting as appellate courts, could either party here invoke Rule 38 of the Mississippi Rules of Civil Procedure by demanding that a jury consider its appeal, or Rules 26-37 seeking depositions and discovery on appeal? See M.R.C.P. 26 to 38. See also Falco Lime, 836 So.2d at 717 ("[b]ecause Falco was required to proceed under Section 11-51-75, the circuit court was required to function in its appellate role and no discovery or testimony outside the bill of exceptions should have been allowed on the Board’s decision to close VKS.”)