KITCHENS, Justice,
dissenting:
¶ 59. This case is nonjusticiable, because the Mississippi Rules of Appellate Procedure prohibit third-party intervention. Therefore, the Legislature lacks standing as a party to this litigation. In the absence of a properly joined appellant, any decision on the merits of this case amounts to an advisory opinion. Accordingly, I respectfully dissent.
¶ 60. In the Circuit Court of the First Judicial District of Hinds County, the Legislature, or, rather, some legislators who purport to represent the interests of the body as a whole, filed a motion to intervene in this suit under Rule 24(a) of the Mississippi Rules of Civil Procedure. There is a serious defect in this motion, namely, this case was appealed from the Attorney General’s draft of a ballot title. Thus, the circuit court’s purpose was to determine the legal sufficiency of the Attorney General’s ballot title rather than conducting a trial or hearing de novo, and the circuit court convened as a court- of appeals, not as a trial court. See Falco Lime, Inc. v. Mayor & Aldermen of the City of Vicksburg, 836 So.2d 711, 721 (Miss.2002); URCCC 5.01 (“Except for cases appealed directly from justice court or municipal court, all cases appealed to circuit court shall be on the record and not a trial de novo.”). As such, it is clear that the Mississippi Rules of Appellate Procedure and not the Mississippi Rules of Civil Procedure governed the circuit court’s consideration of this case. City of Jackson v. United Water Servs., Inc., 47 So.3d 1160, 1161-62 (Miss.2010).
¶ 61. This Court addressed a nearly identical situation in City of Jackson v. United Water Services, Inc., 47 So.3d 1160 (Miss.2010). In United Water Services, Jackson Water Partnership filed a motion to intervene in an appeal from a city council decision to the Circuit Court of the First Judicial District of Hinds County. This Court held that “the Mississippi Rules of Civil Procedure ... apply to trial proceedings only, except where therein expressly provided to the contrary.” Id. at 1162 (quoting Cooper v. City of Picayune, 511 So.2d 922, 923 (Miss.1987)). Moreover, when a circuit court sits as an appel *1230 late court, “the Mississippi Rules of Appellate Procedure control exclusively.” Id. at 1165. The Court further noted that “[tjhe Mississippi Rules of Appellate Procedure clearly and unequivocally do not provide for intervention at the appellate level ” and that “no constitutional provision, statute, or court rule permits intervention [in appeals].” Id. at 1162, 1165 (emphasis added). This Court denied the Jackson Water Partnership the right to intervene. Id. at 1165.
¶ 62. In light of this Court’s precedent in United Water Services, the Hinds County Circuit Court erred in granting the Legislature the status of intervenor. It is well established that, because the Mississippi Rules of Appellate Procedure lack a mechanism for intervention and because this Court has specifically foreclosed intervention in this context, the Legislature is not a proper party before this Court. Compare with F.R.A.P. 15(d) (intervention permitted under Title IV — “Review or Enforcement of an Order of an Administrative Agency, Board, Commission, or Officer”). The Legislature, however, is not altogether prevented from participating as a third party in the appellate context. We have held that “Mississippi Rule of Appellate Procedure 29 provides an avenue for persons other than the parties to participate in the appellate process via the filing of an amicus curiae brief.” United Water Servs., Inc., 47 So.3d at 1165; M.R.A.P. 29.
¶ 63. Even assuming arguendo that the Mississippi Rules of Civil Procedure applied to the Circuit Court of the First Judicial District of Hinds County’s consideration of the merits of Shipman’s appeal, the Legislature would not be entitled to intervene under Rule 24(a). Mississippi Rule of Civil Procedure 24(a)(2) provides that a party may intervene in an action “when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.” M.R.C.P. 24(a)(2) (emphasis added). Here, Shipman was not appealing or attacking the language of the Legislature’s alternative ballot measure. Instead, she was appealing the sufficiency of the Attorney General’s ballot title. The Legislature did not and cannot articulate an interest in the Attorney General’s ballot title that is not “adequately represented” by the Attorney General, who is a proper party to this litigation. See M.R.C.P. 24(a)(2). As such, even if Rule 24 intervention were available to parties during an appeal to circuit court, it would not allow the Legislature to intervene in this case.
¶ 64. Ultimately, the Mississippi Rules of Appellate Procedure do not provide a mechanism for parties to intervene in appeals, and the Legislature is before this Court improperly as an intervenor in an appeal. The Legislature has not been properly joined as a party and lacks standing to advance an appeal. Because I believe that a decision on the merits without a properly joined appellant amounts to an improper advisory opinion, I respectfully dissent.
KING, J., JOINS THIS OPINION.