# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00919-SCT

*ERMA NEWELL, CINDY GORDON AND BEVERLY COOLEY*

*v.*

*JONES COUNTY, MISSISSIPPI AND ENVIRO, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 7/14/97 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | RAY T. PRICE |
| | GLENN L. WHITE |
| ATTORNEYS FOR APPELLEES: | HAROLD W. MELVIN |
| | PATRICIA MELVIN |
| | TRUDY D. FISHER |
| | CLOVER S. PITTS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 1/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. We have for review a lower court's dismissal of a complaint on the grounds that the Plaintiffs failed to follow Miss. Code Ann. § 11-51-75 as the appropriate avenue for challenging the actions of a Board of Supervisors. Because we agree with the trial court, we affirm.

## I.

¶2. Jones County, Mississippi ("Jones County") along with the City of Laurel, Mississippi, advertised for the submission of bids for solid waste collection. Enviro, Inc. ("Enviro") was among those contractors which submitted bids in response to the advertisement. Enviro was the only contractor willing to also accept responsibility for billing and collecting fees.

¶3. On September 30, 1996, the Jones County Board of Supervisors issued an Order accepting Enviro's bid. Jones County and Enviro entered into a contract on December 16, 1996.[(1)] The contract was amended on April 21, 1997, to include a provision which allowed those who did not wish to pay for Enviro's services to "'opt-out' of the Solid Waste Collection and Disposal System." In order to 'opt-out' residents were required to file a form with the Chancery Clerk and to dispose of their own waste in a manner prescribed by law.

¶4. On March 20, 1997, Erma Newell ("Newell"), Cindy Gordon ("Gordon"), and Beverly Cooley ("Cooley") filed a Complaint for Declaratory Judgment against Jones County and Enviro. The Complaint alleged, *inter alia*, that Jones County violated **Miss. Code Ann**. § 21-19-2(2)(c), by failing to give notice of the fees to be charged under the contract prior to its adoption. The Complaint sought a declaration that the contract created an illegal monopoly and that its provisions could not be enforced against Newell, Gordon, and Cooley. Of the Plaintiffs, only Cooley had opted out of the disposal system.

¶5. After answering, both Jones County and Enviro filed Motions to Dismiss the Complaint. The Motions came on for hearing on June 9, 1997. During the hearing, Jones County argued that the Complaint was an untimely attempt to appeal the decision of the Board and that the Plaintiffs' exclusive remedy was to appeal the Board's decision as provided in **Miss. Code Ann.** § 11-51-75. Jones County further argued that Newell and Gordon, who had not opted out, had failed to exhaust their administrative remedies and that the case was moot as to Cooley, who had opted out. Enviro argued that the Plaintiffs did not have standing to file the declaratory action because they were not parties to the contract.

¶6. On June 26, 1997, after taking the Motions under advisement, the trial court filed its findings and opinion; an Order granting Jones County's and Enviro's Motions to Dismiss the Plaintiffs's Complaint followed on July 14, 1997. The trial court found that **Miss. Code Ann**. § 11-51-75, provided the proper procedure for appealing the Board's decision. The trial court further found that the case was moot as to Cooley because she had opted out of the disposal system and that Newell and Gordon had failed to exhaust their administrative remedies. Finally, the trial court found that the Plaintiffs had failed to allege that they suffered an injury different from any other citizen or the deprivation of a legal right, and as such, lacked standing to bring the action. The Plaintiffs filed a timely appeal from the findings and the Order of the trial court.

## II.

¶7. This Court has held that the appropriate standard to employ in reviewing a lower court's decision to dismiss a case on a 12(b)(6) Motion is as follows:

> The standards which a trial court must employ when considering a motion to dismiss under Rule 12(b)(6) have become quite familiar. The well pleaded allegations of the complaint must be taken as true. *See* **Marx v. Truck Renting & Leasing Association**, 520 So. 2d 1333, 1339 (Miss. 1987). Those well in mind, together with any defense asserted in the motion to dismiss, the court should not grant the motion unless it appears beyond any reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. **Grantham v. Mississippi Department of Corrections**, 522 So. 2d 219, 220 (Miss. 1988); **Lester Engineering Co., Inc. v. Richland Water & Sewer Dist.**, 504 So. 2d 1185, 1187 (Miss. 1987); **Stanton & Associates, Inc. v. Bryant Construction Co.**, 464 So. 2d 499, 505 (Miss. 1985); *see also* **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251, 261 (1976). We employ the same standard

when on appeal we are asked to consider whether a trial court's granting a motion to dismiss may have been error.

*McFadden v. State*, 542 So. 2d 871, 874-75 (Miss. 1989).

¶8. The Plaintiffs raise four issues on appeal. However, because we find the first issue raised to be dispositive of this appeal the remaining issues will not be addressed.

¶9. Plaintiffs claim that the trial court erred by holding that the proper avenue for appeal was *Miss. Code Ann.* § 11-51-75. *Miss. Code Ann.* § 11-51-75 (1972) provides, in pertinent part, as follows:

> 11-51-75. Appeal to circuit court from board of supervisors, municipal authorities.
>
> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities.

¶10. The statute's ten (10) day time limit in which to appeal the decision of a Board is both mandatory and jurisdictional. *Moore v. Sanders*, 569 So. 2d 1148, 1150 (Miss. 1990). Where an appeal is not perfected within the statutory time constraints no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed. *Id.* In the case *sub judice* Plaintiffs failed to file a bill of exceptions within ten (10) days of the Jones County Board's decision to award the contract to Enviro. Instead, a Complaint for Declaratory Judgment was filed nearly six (6) months after the Board issued an Order accepting Enviro's bid and three (3) months after the Board entered into the contract with Enviro.

¶11. Plaintiffs argue that where the decision of a Board of Supervisors is claimed to be unlawful the procedural requirements of *Miss. Code Ann.* § 11-51-75 do not apply. A similar issue was addressed in *South Central Turf, Inc. v. City of Jackson*, 526 So. 2d 558 (Miss. 1988)*, in which a Plaintiff sought damages and injunctive relief from the City of Jackson's awarding a leasing contract. *Id., cited with approval in* *Garrard v. City of Ocean Springs*, 672 So. 2d 736, 738 (Miss. 1996). This Court held that "*any act* of a county or municipality leaving a party aggrieved is appealable under § 11-51-75 where... all issues of the controversy are finally disposed of." *South Cent. Turf*, 526 So. 2d at 561. This Court further noted that the action brought in *South Central Turf* was in form and substance an appeal from the decision of the municipal authority, and as such, § 11-51-75 was applicable. *Id*. This case takes issue with the Jones County Board's decision to enter into the contract for garbage collection. Plaintiffs claim that the acts of the Jones County Board were mandatory and not discretionary; Plaintiffs also claim that the acts of the Jones County Board were unlawful. But nowhere do the Plaintiffs claim that the Jones County Board did not act or that the actions taken by the Jones County Board were not final.

¶12. Plaintiffs also argue that where a complaint alleges that the actions of the Board failed to comport with

law a different standard of review applies and the party is entitled to a *de novo* proceeding. In support of this argument the Plaintiffs cite *Cook v. Board of Supervisors of Lowndes County*, 571 So. 2d 932 (Miss. 1990). In *Cook*, this Court held that where a circuit court acts in its appellate capacity in reviewing the decisions of municipal authorities it is contemplated that the municipal authority conducted a hearing. Where municipal authorities fail to hold any kind of hearing, a party with standing is entitled to proceed *de novo*. *Cook*, 571 So. 2d at 934. Allowing the parties to proceed *de novo* does not, however, mean that they are relieved from complying with the procedural prerequisites to appeal under the statute. *McIntosh v. Amacker*, 592 So. 2d 525, 527 (Miss. 1991) (holding that a bill of exceptions is required even when appeal is for *de novo* determination of damages).

¶13. The party challenging the Board action in *Cook* filed a petition for writ of prohibition within the ten (10) days prescribed by the Statute. *Cook*, 571 So. 2d at 934. This Court stated, "[i]n any event, Cook filed in Circuit Court within ten days and, if it were necessary, we could simply treat Cook's petition... as an appeal."*Id.* Substance should prevail over form regardless of the label placed on the documents filed with the circuit court. *Id.* The holding in *Cook* turned, not on the nature of the violation the Board is alleged to have committed, but rather on the fact that a timely challenge to the Board's action had been filed. As discussed *supra*, Plaintiffs here failed to file any challenge to the Jones County Board's action within the ten (10) days prescribed by *Miss. Code Ann.* § 11-51-75. Therefore, the action was properly dismissed as untimely.

### III.

¶14. For the foregoing reasons the Judgment of the lower court is affirmed.

¶15. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. The City of Laurel, Mississippi did not enter into the contract.