## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-01336-SCT

*ROBERT HOUSE, SIDNEY MOAK AND MARY GRACE MOAK-BRISTER*

*v.*

*GARY L. HONEA AND WILLIAM C. TYNDALL, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/08/2000 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JACK G. PRICE |
| ATTORNEY FOR APPELLEE: | W. STEWART ROBISON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED -11/08/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/29/2001 |

### BEFORE PITTMAN, C.J., SMITH, P.J., AND WALLER, J.

### WALLER, JUSTICE, FOR THE COURT:

¶1. This is an appeal from the dismissal by the Pike County Circuit Court of a late filed bill of exceptions. The Pike County Board of Supervisors granted Gary L. Honea and William C. Tyndall, Jr. ("plaintiffs") a private right-of-way across the land of Robert House, Sidney Moak and Mary Grace Moak-Brister ( "defendants)" and awarded defendants $250 in damages. Because we agree with the circuit court, we affirm.

¶2. On November 30, 1999, the Board of Supervisors held a hearing on plaintiffs' petition for a private right-of-way. All parties were represented by counsel and presented evidence. Although the record is sketchy, it appears the hearing was recessed to December 7, then recessed again until December 14. At the December 14, 1999, meeting, the Board of Supervisors announced a decision in favor of plaintiffs. In the record is a document referred to as "Board of Supervisors Minutes" signed by the President of the Board of Supervisors and dated December 14, 1999. The Board found that the property was landlocked, that the plaintiffs were unable to obtain a reasonable right- of-way from all surrounding parties, and awarded defendants $250 in damages. The meeting was finally adjourned on December 30, 1999. Counsel for the defendants was faxed a copy of the minutes on January 4, 2000. On January 14, 2000, the defendants filed a notice of appeal and bill of exceptions with the circuit court.

¶3. After a hearing the circuit court on August 8, 2000, granted the plaintiffs' motion to dismiss on the basis that the notice of appeal and bill of exceptions were not timely filed.

### DISCUSSION

¶4. The defendants raise four issues on appeal. However, only the dispositive first issue will be discussed.

### WHETHER THE CIRCUIT COURT OF PIKE COUNTY ERRED WHEN IT DISMISSED

### THE BILL OF EXCEPTIONS?

¶5. Appeals from decisions of the board of supervisors must be filed within ten (10) days of the adjournment of the session where the decision is rendered.

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of board of supervisors or of the municipal authorities....

Miss. Code Ann. § 11-51-75 (1972).

¶6. The minutes approving the granting of the private right-of-way were signed December 14, 1999. The minutes adjourning the meeting of the board of supervisors were dated December 30, 1999, at 11:15 a.m. with the copy of the minutes being posted at 11:20 a.m.

¶7. Defendants claim the time runs from receiving notice of the minutes being signed, citing Miss. Att'y Gen. Op. 97-0674 (Oct. 31, 1997) (actions by the Board of Supervisors are not effective until the minutes are approved). The defendants proffered the testimony of the county administrator that the minutes were not signed until January 4, 2000, making the filing of the bill of exceptions on January 14, 2000, timely. The defendants further argue that the 10-day period cited in Miss. Code Ann. § 11-51-75 does not apply to them citing *City of Oxford v. Inman*, 405 So. 2d 111 (Miss. 1981), which addresses the provisions applicable to when municipal ordinances become effective. See Miss. Code Ann. § 21-13-11 (2001).

¶8. Neither of the authorities cited by the defendants is applicable to the case at bar. The Attorney General's opinion dealt with when a board of supervisors' decision becomes effective. From the record before the Court, the minutes were approved for the board's actions on December 14, 1999, and the meeting was finally adjourned on December 30, 1999. We are hard pressed to accept the testimony of the county administrator which is in direct conflict with the official documents, and which is offered by a witness who was not a signatory to the documents. There is no conflict between when the minutes were signed and when the meeting was adjourned. *Inman* deals with when a municipal ordinance becomes effective and has nothing to do with when an order of a board of supervisors is effective.

¶9. We have held that any final action by municipal authorities or a board of supervisors is appealable under § 11-51-75. *South Cent. Turf, Inc. v. City of Jackson,* 526 So. 2d 558, 561 (Miss. 1988). When an appeal and bill exceptions are not filed within the prescribed 10 days from the day of adjournment of the board of supervisors session, neither the circuit court nor this Court have jurisdiction consider the appeal. *Moore v. Sanders*, 569 So. 2d 1148, 1150 (Miss 1990). *See also [Newell v. Jones County](#)*, 731 So. 2d 580, 582 (Miss 1999) ("The statute's ten (10) day time limit in which to appeal the decision of a Board is both mandatory and jurisdictional.").

¶10. In the case at hand, it is unquestioned that the meeting adjourned on December 30, 1999. Defendants did not file their notice of appeal and bill of exceptions until January 14, 2000, which was more than ten (10) days after adjournment. This clearly shows that the appeal to the circuit court was untimely.

### CONCLUSION

¶11. For the above reasons, the judgment of the Circuit Court of Pike County is affirmed.

¶12. **AFFIRMED**.

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., COBB, DIAZ AND EASLEY, JJ., CONCUR. CARLSON AND GRAVES, JJ., NOT PARTICIPATING.**