# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
### NO. 2001-CA-00533-COA

**JOHN BOWEN**                                                      **APPELLANT**

**v.**

**DESOTO COUNTY BOARD OF SUPERVISORS**                             **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 09/28/2000 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | J. KEITH TREADWAY |
| ATTORNEY FOR APPELLEE: | WILLIAM ALBERT BROWN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | MOTION TO DISMISS GRANTED DUE TO LACK OF JURISDICTION. |
| DISPOSITION: | REVERSED AND REMANDED - 06/04/2002 |
| MOTION FOR REHEARING FILED: | 7/3/2002; denied 8/13/2002 |
| CERTIORARI FILED: | 8/27/2002 |
| MANDATE ISSUED: | |

BEFORE McMILLIN, C.J., LEE, AND BRANTLEY, JJ.

McMILLIN, C.J., FOR THE COURT:

¶1. John Bowen has appealed to this Court from an order of the Circuit Court of DeSoto County dismissing for lack of jurisdiction Bowen's attempt to appeal a decision of the DeSoto County Board of Supervisors to that court. The decision of the Board of Supervisors denied Bowen's request for a conditional use permit under the county's zoning ordinance. Bowen sought judicial review of the denial under authority of Section 11-51-75 of the Mississippi Code. The circuit court granted DeSoto County's motion to dismiss based on a finding that Bowen had failed to file the statutorily-required bill of exceptions within ten days of the decision being appealed.

¶2. Finding that the circuit court did, in fact, have jurisdiction to consider the appeal on the merits, we reverse and remand for proceedings consistent with this opinion.

**I.**

## Facts

¶3. The determinative facts of the case are not in dispute. The DeSoto County Board of Supervisors, by minute entry dated March 8, 2000, denied Bowen's request for a conditional use permit for his real property. On March 20, 2000, Bowen filed in the DeSoto County Circuit Court an instrument entitled "Notice of Appeal," in which he alleged that the action of the Board of Supervisors was contrary to law on several different grounds, the merit, or lack thereof, having no relevance to the issue now before this Court. The notice was not accompanied by a bill of exceptions and there is no indication in the record that Bowen subsequently attempted to obtain and properly file that necessary document. On July 12, 2000, the Board of Supervisors filed a motion to dismiss for lack of jurisdiction on the sole ground that the applicable statute required the filing of the bill of exceptions within ten days of the Board's action in order to vest the circuit court with jurisdiction to consider the matter. The circuit court granted the motion by order dated September 28, 2000, and this appeal followed.

¶4. It should be noted that the tenth day after the Board's action complained of by Bowen, which was March 18, 2000, fell on a Saturday so that the ten days to perfect the appeal would have fallen on Monday, March 20, 2000, the day Bowen filed his notice. M.R.C.P. 6(a).

## II.

## Discussion

¶5. This Court held, in the case of *Bowling v. Madison County Board of Supervisors,* 724 So. 2d 431 (Miss. Ct. App. 1998), that the actual filing of the bill of exceptions with the circuit court within ten days is not an absolute prerequisite to vest the court with jurisdiction to consider an appeal brought under Section 11-51-75 so long as some formal pleading indicating an intention to appeal is filed within the applicable ten day period. *Bowling,* 724 So. 2d at 441 (¶50). In that case, we reversed a decision to dismiss for lack of jurisdiction on the same ground presented here and remanded to afford the appellant the opportunity to file the bill of exceptions that is ultimately a necessary part of the record on appeal, since it constitutes the sole record of what actually transpired before the Board of Supervisors. *Id.*

¶6. The Board of Supervisors argues that this Court's decision in *Bowling* is contrary to long- established precedent from the Mississippi Supreme Court. In support of that argument, the Board alleges that the supreme court has continued to enforce the timely filing of a bill of exceptions as a jurisdictional requirement in cases decided after this Court decided *Bowling.* The Board cites two cases - *Newell v. Jones County,* 731 So. 2d 580 (Miss. 1999), and *City of Madison v. Shanks,* 793 So. 2d 576 (Miss. 2000).

¶7. *Newell* dealt with a case where nothing - neither a notice of appeal nor a bill of exceptions - was filed within ten days of the relevant action and provides only that "[w]here an appeal is not perfected within the statutory time constraints, no jurisdiction is conferred . . . ." *Newell*, 731 So. 2d at 582 (¶10). That case adds no weight to the Board's argument.

¶8. The *Shanks* case involved the question of whether a mayor's veto is an appealable action under Section 11-51-75, and, if so, when that action becomes final and appealable. *Shanks*, 793 So. 2d at 578 (¶9). That case does not speak to the issue of whether a timely filing of the bill of exceptions is a jurisdictional prerequisite to the circuit court's authority to proceed. As such, it has little relevance to the issue before us. A later case decided by the supreme court discusses the fact that a bill of exceptions is necessary for the

matter to be considered at the circuit court level because it serves as the record on appeal. *Ladner v. Harrison County Bd. of Supervisors*, 793 So. 2d 637, 639 (¶7) (Miss. 2001). That, however, is a rather unremarkable proposition and is something akin to the position that a transcript of a trial court proceeding is necessary for an appellate court to appropriately decide an appeal. The point of *Bowling* is that the *jurisdiction* of the circuit court to consider a Section 11-51-75 appeal may be invoked by the filing of something other than the record itself as embodied in the bill of exceptions, even though that record must ultimately be filed before the court can properly resolve the appeal. Nothing in the *Shanks* or *Ladner* decisions is contrary to that proposition.

¶9. The appellant has the duty to pursue the filing of all necessary pleadings and documents to permit the court to proceed. This duty would necessarily extend to the bill of exceptions in a case of this nature. It seems evident that, at some point, an appeal from a decision of a county board of supervisors could properly be dismissed for the appellant's lack of diligence in prosecuting his appeal when there is a prolonged delay in filing the bill of exceptions. However, that is an entirely different notion from dismissing for lack of jurisdiction when a bill of exceptions is not filed within ten days of the action made the subject of the appeal. Relying on our holding in *Bowling*, we find that the jurisdiction of the circuit court was invoked by the filing of the notice of appeal.

¶10. We remand with directions to the circuit court to permit Bowen a reasonable time, as set by the court in the exercise of its sound discretion, to file the required bill of exceptions. In the event the bill of exceptions is filed within the mandated time, the court should proceed to resolve the issues presented by Bowen's appeal on the merits. In the event the bill is not timely filed, the court should consider dismissing the appeal, not for lack of jurisdiction, but for the appellant's failure to prosecute his appeal.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY IS REVERSED AND THIS CAUSE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THE TERMS OF THIS OPINION. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEE.**

**KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.**