BRIDGES, J.,
for the court.
Procedural History
¶ 1. On December 17, 1998, Mr. Rex Williamson petitioned the Lamar County Board of Supervisors for a private right-of-way across property belonging to Mr. Thomas E. Lucas, pursuant to Mississippi Code Annotated section 65-7-201 (Rev 2001). The order granting the request was signed by the Board of Supervisors on December 17, 1998, noting that the due compensation and exact location of the right-of-way would be determined at a later date. Damages in the amount of $560 were granted on March 23, 2000, with the same amount tendered on March 29, 2000.
¶ 2. Mr. Lucas filed a motion to set aside the Board’s order, causing the Board to have an evidentiary hearing on the matter. The Board deferred ruling on the matter until their July board meeting. On July 20, 2000, the Board entered its order denying Mr. Lucas’s motion and affirming damages in the amount of $560.
¶ 3. Mr. Lucas filed his notice of intent to appeal with the circuit clerk on February 16, 2001, and a bill of exceptions was accepted by the Board on February 20, 2001, with filing to the circuit clerk’s office on February 27, 2001. A motion for dismissal of the appeal was filed by Mr. Williamson in the circuit court based upon the appeal being not timely. The circuit court agreed and dismissed the appeal with prejudice for failure to have jurisdiction on July 9, 2001. This appeal followed.
Legal Analysis
¶ 4. Mr. Lucas attempted to assert three issues for our review. Only the first issue submitted is suitable for review, as the other two issues are moot: WHETHER THE TRIAL COURT ERRED IN DISMISSING APPEAL AS THE BILL OF EXCEPTIONS WAS TIMELY FILED. Unfortunately, Mr. Lucas failed to support his argument with persuasive case law. “It is well known that a failure to cite case law in support of one’s contentions acts as a procedural bar, preventing this Court from considering it.” Ortman v. Cain, 811 So.2d 457, 462(¶ 16) (Miss.Ct.App.2002) (citing Ratcliff v. State, 752 So.2d 435, 437(¶ 7) (Miss.Ct.App.1999)). Procedural bar notwithstanding, Mr. Lucas’s contention is baseless. We find that the bill of exceptions was not timely filed and affirm the dismissal of the appeal by the Lamar County Circuit Court.
¶ 5. As mentioned above in the procedural history, the final order of the Lamar County Board of Supervisors was entered on July 20, 2000. Mississippi Code Annotated Section 11-51-75 (Supp.2001) dictates that a bill of exceptions must be entered within ten days of the date of adjournment at which session the board made its decision. The latest time when the decision could have become final was, as the circuit court dictated in its order, on August 7, 2000, at which time the minutes of the July meeting were signed by the president of the board of supervisors, pursuant to Mississippi Code Annotated Section 19-3-27 (Rev.1995). Mr. Lucas did not file his bill of exception until February 20, 2001, well beyond the time frame dictated by statute. As such, the filing was *69 not timely and the circuit court was correct in dismissing the appeal with prejudice for failure to have subject matter jurisdiction.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., AND SOUTHWICK, P.J., THOMAS, LEE, MYERS, AND CHANDLER, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J. GRIFFIS, J., NOT PARTICIPATING.