GRIFFIS, J., for the Court.
¶ 1. On September 17, 2002, the mayor and board of aldermen for the City of Louisville granted a request to re-zone a parcel of property that abutted property owned by Michael and Jennifer Tilghman. The Tilghmans objected to the re-zoning and filed their appeal on December 9, 2002. The circuit court dismissed the appeal on grounds that it was not timely filed and because it failed to meet the requirements of Mississippi Code Annotated section 11-51-75. We affirm.
¶ 2. Mississippi Code Annotated Section 11-51-75 (Rev.2002) provides in pertinent part:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of board of *1026 supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once....
¶ 3. The board granted the re-zoning request at its meeting on September 17, 2002. Although the Tilghmans gave notice to the city clerk of their intention to appeal on October 21, 2002, the notice of appeal was not filed with the circuit clerk until December 9, 2002.
¶ 4. The Tilghmans argue that they did not receive a copy of the “written findings of the board” until October 21, 2002. Thus, they claim that the ten day appeal period should begin to run on October 21. On October 25, 2002, the Tilgh-mans’ counsel sent a letter to the City’s counsel indicating their intention to appeal, requesting a transcript of the zoning hearing and reserving all of their rights.
¶ 5. Section 11-51-75 provides that the Tilghmans “may appeal within ten (10) days from the date of adjournment” of the meeting where the decision was made. The meeting was adjourned on September 17; thus, the appeal period would have expired on September 27. Since the appeal was not filed within ten days from the day of adjournment of the board meeting, neither the circuit court, nor this Court, has jurisdiction to consider the appeal. House v. Honea, 799 So.2d 882, 883(¶ 9) (Miss.2001).
¶ 6. Although the failure to file the appeal within ten days determines the outcome of this appeal, we believe it particularly important to address the second issue — the bill of exceptions. The circuit court also dismissed the Tilghmans’ appeal because they did not present a proper bill of exceptions to the circuit court. Section 11-51-75 requires that the bill of exceptions “be signed by the person acting as president of board of supervisors or of the municipal authorities.” The City argues that the bill of exceptions was not in proper form because it was signed only by the Tilghmans’ counsel.
¶ 7. Recently, the supreme court held that the filing of a bill of exceptions “is merely an appellate record and not necessary to commence an appeal.” Bowen v. DeSoto County Bd. of Supervisors, 852 So.2d 21, 23(¶ 4) (Miss.2003) (citing Bowling v. Madison County Bd. of Supervisors, 724 So.2d 431 (Miss.Ct.App.1998)). Thus, our courts have interpreted Mississippi Code Annotated Section 11-51-75 (Rev. 2002) to require the filing of an appeal within ten days, but have allowed the bill of exceptions to be filed or amended within a reasonable time thereafter.
¶ 8. For these reasons, the judgment of the circuit court is affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.