ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Eddie Ray Parker was terminated from his employment with the Claiborne County Fire Department for insubordination on April 5, 2006. Pursuant to Rule VI of the Personnel Policies and Procedures for Claiborne County, Parker requested a hearing before the Claiborne County Employee Grievance Committee (“Grievance Committee”), a three-person panel formed by the Claiborne County Board of Supervisors (“Board”). On April 14, 2006, the Grievance Committee determined that Fire Chief Kelvin Shaifer had lacked “sufficient documentation or evidence of insubordination” to terminate Parker. Parker subsequently requested “an audience with the Board to resolve the matter.” The Board commenced a hearing regarding Parker’s termination, but it was adjourned when Parker requested to obtain assistance of counsel. The hearing reconvened on or about July 14, 2006, and the Board upheld Parker’s termination in a unanimous decision on August 1, 2006. Parker appealed the Board’s decision to the Claiborne County Circuit Court, which overturned the Board’s decision to terminate Parker and awarded a judgment against Claiborne County for Parker’s full back pay and benefits. Aggrieved, Claiborne County and the Board filed the present appeal.
 

 DISCUSSION
 

 ¶ 2. Before we review the issues raised by the Appellants, we must first determine if the circuit court had jurisdiction to hear Parker’s appeal. Mississippi Code Annotated section 11-51-75 (Rev. 2002) provides that “[a]ny person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision[.]” In addition, the supreme court has held that “[ajppeals from decisions of the board of
 
 *1080
 
 supervisors must be filed within ten (10) days of the adjournment of the session where the decision is rendered.”
 
 House v. Honea,
 
 799 So.2d 882, 883 (¶ 5) (Miss.2001). The ten-day time limit “is both mandatory and jurisdictional.”
 
 Newell v. Jones County,
 
 731 So.2d 580, 582 (¶ 10) (Miss.1999) (citation omitted). An appellate court does not have jurisdiction to consider an appeal that was not perfected within the statute’s time constraints. Id.
 

 ¶ 3. Under section 11-51-75, Parker had until August 11, 2006, to file a notice of appeal from the board’s decision. Parker’s notice of appeal to the circuit court states that it was submitted on August 10, 2006. However, the appeal was not filed until August 15, 2006. If an appeal is not filed within ten days of the adjournment of the board meeting at which the decision was made, “neither the circuit court, nor this Court, has jurisdiction to consider the appeal.”
 
 Tilghman v. City of Louisville,
 
 874 So.2d 1025, 1026 (¶ 5) (Miss.Ct.App.2004) (citing
 
 House,
 
 799 So.2d at 883 (¶9)).
 

 ¶ 4. There is nothing in the record that indicates what caused the delay between the date the appeal was allegedly submitted and the date it was actually filed. The date of August 11, 2006, fell on a Friday; therefore, the filing would not have been delayed by a weekend, nor was it a holiday. Furthermore, the record does not contain anything that suggests that Parker had been granted additional time to file his appeal. The Board’s decision was rendered on August 1, 2006, and Parker’s appeal to the circuit court was filed on August 15, 2006, which exceeded the ten-day time limit set forth in section 11-51-75. Accordingly, we find that the circuit court lacked jurisdiction to consider Parker’s appeal, as does this Court. Therefore, the judgment of the circuit court is vacated, and the decision of the Board of Supervisors is reinstated.
 

 ¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF CLAIBORNE COUNTY IS VACATED, AND THE DECISION OF THE BOARD OF SUPERVISORS IS REINSTATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.