IRVING, P. J.,
 

 for the Court:
 

 ¶ 1. A group of concerned citizens (the “Foster Group”) appeared before the Mayor and Board of Aldermen of the City of Ruleville, Mississippi (the City), to contest garbage-service fee increases and the alleged use of city equipment to dig private graves. The City refused to take corrective action, and the Foster Group filed a complaint in the Chancery Court of Sunflower County on March 26, 2007. The Foster Group sued the mayor and members of the board in their individual and official capacities. On July 8, 2008, the chancery court dismissed the complaint for lack of subject matter jurisdiction.
 
 [1]
 
 The Foster Group did not appeal the dismissal; rather, it filed a complaint on September 15, 2008, in the Circuit Court of Sunflower County. In this suit, the Foster Group purported to act for the use of the City of Ruleville and sued the mayor and board only in their individual capacities.
 
 [2]
 
 The City filed a motion to dismiss or, in the alternative, a motion for summary judgment. The circuit court granted the defendants’ motion for summary judgment on March 27, 2009. Feeling aggrieved, the Foster Group appeals and asserts that the circuit court erred in (1) finding that the chancery court’s dismissal for lack of subject matter jurisdiction prevented re-filing in circuit court, (2) ruling that res judicata and collateral estoppel barred the circuit-court suit, and (3) granting summary judgment.
 

 ¶ 2. Because the Foster Group failed to perfect its appeal within the time limitation set forth in section 11-51-75, the circuit court lacked jurisdiction to hear the appeal. Accordingly, we vacate the circuit court’s judgment and dismiss this appeal for lack of jurisdiction.
 

 FACTS
 

 ¶ 3. In 2003, the City entered into a garbage-collection contract. The contract provided for residential garbage collection at a rate of $10.75 per household. In 2004, the board approved a rate increase of $.75, for a cost of $11.50 per household. However, rates were actually increased by $1.75 per household. In 2005, fees were again increased by $2.00, for a cost of $14.50 per household. According to the Foster Group, these rate increases were not properly approved by the board or noticed to the public. The Foster Group voiced its concern regarding the rate in
 
 *962
 
 creases at meetings and through written correspondence with the board. The Foster Group also objected to the alleged use of the City’s backhoe to dig private graves. When the board failed to take corrective action, the Foster Group filed suit in chancery court against the mayor and board, in them individual and official capacities. The complaint alleged that the board had implemented the garbage-fee increases without appropriate approval and that the increases were therefore illegal. The complaint also challenged the legality of the alleged use of the City’s backhoe to dig private graves. The defendants filed a motion to dismiss, arguing that the chancery court lacked jurisdiction. Specifically, the defendants asserted that the Foster Group’s claim was an appeal from a municipal authority’s decision and subject to the procedural requirements of section 11-51-75. As stated, the chancery court dismissed the appeal for lack of jurisdiction.
 

 ¶ 4. In the complaint filed in circuit court, the Foster Group made the same allegation that it had made in the complaint filed in the chancery court regarding the alleged illegal use of the City’s backhoe, contending that the use of the City’s backhoe to dig private graves constituted a donation in violation of Mississippi Code Annotated section 21-17-5(2)(g) (Rev. 2007). Additionally, the Foster Group alleged that the garbage-fee increases were unauthorized and constituted illegal expenditures under Mississippi Code Annotated section 31-7-57 (Rev.2010). The defendants again filed a motion to dismiss or, in the alternative, a motion for summary judgment. In their motion, the defendants argued that because the Foster Group’s claim was an appeal of a municipal action, it was required to proceed under section 11-51-75. The defendants further argued that since the Foster Group failed to initiate its action within the time limitation set forth in section 11-51-75, the City’s decision became final, and the circuit court lacked jurisdiction.
 

 ¶ 5. The circuit court granted the defendants’ motion for summary judgment, reasoning that the doctrines of res judicata and collateral estoppel barred the Foster Group from re-litigating the same issues in circuit court. Even if those doctrines did not apply, the circuit court held that the Foster Group had failed to prove that genuine issues of material fact existed.
 

 ¶ 6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 7. Although the Foster Group raises three issues on appeal, we only find it necessary to address whether the case is properly before this Court. “Jurisdiction is a question of law, which [an appellate court] reviews de novo.”
 
 Derr Plantation, Inc. v. Swarek,
 
 14 So.3d 711, 715 (¶8) (Miss.2009) (quoting
 
 Issaquena Warren Counties Land Co. v. Warren County,
 
 996 So.2d 747, 749 (¶ 5) (Miss.2008)).
 

 ¶ 8. The Foster Group is challenging a municipal action; therefore, the proper avenue for appeal is section 11 — 51— 75, which provides in pertinent part:
 

 Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit
 
 *963
 
 court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.
 

 The Mississippi Supreme Court has consistently held that the statute’s ten-day time limit is both “mandatory and jurisdictional.”
 
 Ball v. Mayor and Bd. of Aldermen of City of Natchez,
 
 983 So.2d 295, 299 (¶8) (Miss.2008);
 
 Newell v. Jones County,
 
 731 So.2d 580, 582 (¶ 10) (Miss.1999). Therefore, “[wjhere an appeal is not perfected within the statutory time constraints^] no jurisdiction is conferred on the appellate court[,] and the untimely action should be dismissed.”
 
 Newell,
 
 731 So.2d at 582 (¶ 10) (citing
 
 Moore v. Sanders,
 
 569 So.2d 1148, 1150 (Miss.1990)).
 

 ¶ 9. In
 
 Newell,
 
 a case with nearly identical facts, the Jones County Board of Supervisors entered into a solid-waste-collection contract.
 
 Id.
 
 at 580 (¶¶ 2-3). A group of residents filed a complaint challenging the board of supervisors’ decision to enter into the contract.
 
 Id.
 
 at (¶ 4). Jones County filed a motion to dismiss, arguing that the residents’ appeal was governed by section 11-51-75 and its ten-day time limit.
 
 Id.
 
 at 580 (¶ 5). The residents filed their complaint nearly three months after the board of supervisors entered into the contract.
 
 Id.
 
 at 582 (¶ 10). Therefore, the residents’ appeal was untimely.
 
 Id.
 
 The trial court granted the motion to dismiss, and the residents appealed.
 
 Id.
 
 at (¶ 6). Our supreme court affirmed the trial court’s decision and held that “[w]here an appeal is not perfected within the statutory time constraints!]] no jurisdiction is conferred on the appellate court[,] and the untimely action should be dismissed.”
 
 Id.
 
 at 582 (¶ 10) (citing
 
 Moore,
 
 569 So.2d at 1150).
 

 1110. In this case, the Foster Group also failed to file its appeal within the time constraints of section 11-51-75, the exclusive avenue for appealing municipal-authority decisions. The rate increases complained of occurred in 2004 and 2005, but the Foster Group waited until 2007, years beyond the ten-day deadline, to file its first complaint. Therefore, the circuit court did not have jurisdiction to grant summary judgment. Instead, the circuit court should have dismissed the action for lack of jurisdiction. This is true even though the Foster Group proceeded under sections 31-7-57
 
 [3]
 
 and 21-17-5(2)(g)
 
 [4]
 
 when it re-filed its suit in circuit court. Our supreme court has noted the danger in allowing plaintiffs to “jettison
 
 *964
 
 the restrictions of [section] 11-51-75 simply by tacking on claims against individual members of the municipal or county board.... ”
 
 Falco Lime, Inc. v. Mayor and Aldermen of City of Vicksburg,
 
 836 So.2d 711, 720 (¶ 36) (Miss.2002). That is precisely what the Foster Group has attempted to do here. Because the Foster Group failed to follow the procedural requirements of section 11-51-75, the chancery and circuit courts had no choice but to dismiss its claim for lack of jurisdiction. In a last ditch effort to salvage its claim and side-step the requirements of section 11-51-75, the Foster Group sued the may- or and board, individually, under sections 31-7-57 and 21-17-5(2)(g). Because the Foster Group’s action was, in reality, an appeal of a municipal authority’s decision, section 11-51-75 applied. The Foster Group failed to appeal within the ten-day time limit; therefore, the circuit court lacked jurisdiction to hear the appeal. Accordingly, this Court lacks jurisdiction as well and must dismiss the appeal.
 

 ¶11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY IS VACATED, AND THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Mississippi Code Annotated section 11-51-75 (Rev.2002) provides that appeals from decisions of municipal authorities of a city or town may be appealed to the circuit court. However, we find that the chancery court erred in'dismissing the appeal, because pursuant to section 162 of Mississippi Constitution, the chancery court should have transferred the appeal to the circuit court.
 

 [2]
 

 . The complaint in the circtiit court was styled: "Thomas Foster, Clarence Powell, Roy L. Williams, and Hue L. Fleming for the use of the City of Ruleville, Mississippi vs. Shirley Jean Edwards, Hattie Robinson Jordan, James Johnson, Johnny Hill, Maro Robinson, and James Butch Jenkins, in their individual capacities."
 

 [3]
 

 . Mississippi Code Annotated section 31-7-57(1) provides in pertinent part:
 

 Any elected or appointed public officer of an agency or a governing authority, or the executive head, any employee or agent of an agency or governing authority, who appropriates or authorizes the expenditure of any money to an object not authorized by law, shall be liable personally for up to the full amount of the appropriation or expenditure as will fully and completely compensate and repay such public funds for any actual loss caused by such appropriation or expenditure, to be recovered by suit in the name of the governmental entity involved, or in the name of any person who is a taxpayer suing for the use of the governmental entity involved, and such taxpayer shall be liable for costs in such case. In the case of a governing board of an agency or governing authority, only the individual members of the governing board who voted for the appropriation or authorization for expenditure shall be liable under this subsection.
 

 [4]
 

 . Mississippi Code Annotated section 21 — 17— 5(2)(g) provides in pertinent part:
 

 “Unless such actions are specifically authorized by another statute or law of the State of Mississippi, this section shall not authorize the governing authorities of municipalities to grant any donation....”