# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01497-COA

| | |
|---|---|
| **WALTER WILLIAMS** | **APPELLANT** |

**v.**

| | |
|---|---|
| **CITY OF BELZONI AND ALDERMAN GARY FARMER, INDIVIDUALLY** | **APPELLEES** |

| | |
|---|---|
| DATE OF JUDGMENT: | 06/15/2015 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENNETH TREY O'CAIN |
| ATTORNEYS FOR APPELLEES: | DANIEL JUDSON GRIFFITH |
| | JAMIE FERGUSON JACKS |
| | MICHAEL STEPHEN CARR |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | DISMISSED FOR LACK OF JURISDICTION |
| DISPOSITION: | AFFIRMED IN PART, MODIFIED AND RENDERED IN PART - 03/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Walter Williams was the public works director for the City of Belzoni until the board of aldermen voted not to renew his employment. Williams did not exercise his statutory right to appeal the board's decision to circuit court. Instead, more than a year later, he filed an independent lawsuit against the city and one alderman (Gary Farmer) in circuit court, asserting claims for defamation and "wrongful termination." Williams purported to proceed under the Mississippi Tort Claims Act (MTCA), Mississippi Code Annotated sections 11-46-1 to -23 (Rev. 2012 & Supp. 2016). The circuit court dismissed the entire action without

prejudice, reasoning that it was without jurisdiction because Williams failed to file a timely appeal from the board's decision not to renew his employment.

¶2. The circuit court properly dismissed Williams's wrongful termination claim because he failed to file a timely appeal, which is the exclusive remedy for a party aggrieved by such a decision of a municipal authority. In addition, Williams's defamation claim against the city is barred by sovereign immunity, and his defamation claim against Farmer is barred by the statute of limitations. Accordingly, we affirm the circuit court's dismissal of the complaint; however, as we explain *infra*, the dismissal should be with prejudice. Therefore, we modify and render the judgment as a dismissal with prejudice.

## FACTS AND PROCEDURAL HISTORY

¶3. On August 6, 2013, the city's board of aldermen divided 2–2, with one member indicated "not present," on a motion to renew Williams's employment as public works director for the city. The mayor voted against the motion, thereby breaking the tie and effectively terminating Williams's employment.

¶4. On August 29, 2013, Williams wrote a letter to the mayor and board requesting a hearing on his termination. The city did not respond and no hearing was held.

¶5. On July 14, 2014, Williams served the city with a notice of claim pursuant to the MTCA. Miss. Code Ann.§ 11-46-11 (Rev. 2012). Williams alleged that he was terminated because Farmer, who had voted against the motion to renew his employment, made a false and defamatory accusation that he had stolen one of the city's lawnmowers. Williams also alleged that his termination was procedurally improper and that Farmer was not qualified to

be an alderman because he lived outside of the Belzoni city limits. On October 29, 2014, Williams filed suit in Humphreys County Circuit Court against Farmer and the city. Williams asserted claims for defamation, slander, and slander per se (Count I) and "wrongful termination" (Count II).

¶6. The city and Farmer answered the complaint and subsequently filed a joint motion to dismiss or for summary judgment. They argued that Williams's claims against the city were barred by sovereign immunity. They also argued that Williams's claims were barred because he failed to appeal the city's decision not to renew his employment within ten days, as required by Mississippi Code Annotated section 11-51-75 (Rev. 2012). Finally, they argued that any claims against Farmer in his individual capacity were barred by the statute of limitations, as the tolling provisions of the MTCA would not apply to such claims.

¶7. The circuit court granted the defendants' motion, finding that the court was "without jurisdiction to hear this matter due to [Williams's] failure to file a [timely] notice of appeal" pursuant to section 11-51-75. In its final judgment, the circuit court stated that it was granting summary judgment for the defendants and that the action was dismissed "without prejudice" because Williams's claims were "barred procedurally" and thus could not "properly be reviewed by [the court]."

¶8. On appeal, Williams argues that (1) the circuit court erred in dismissing his defamation claim against Farmer; (2) his case should not have been dismissed due to his failure to appeal the board's decision because "there was no final action or decision from which [he] could have appealed"; and (3) "the board induced [him] into sleeping on his

3

rights." We consider these arguments below in the course of addressing Williams's claims for "wrongful termination" and defamation/slander.

## ANALYSIS

### I. The circuit court properly dismissed Williams's "wrongful termination" claim.

¶9. At the outset, it should be understood that Williams's "wrongful termination" claim is not a "*McArn* claim." *See McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 607 (Miss. 1993) (recognizing "a narrow public policy exception to the employment at will doctrine": an employee who is terminated because he "refuses to participate in an illegal act" or "report[s] illegal acts of his employer" may bring an action in tort for wrongful termination). Rather, Williams's complaint and subsequent pleadings make clear that his claim is simply that his termination was "wrongful" because, allegedly, Farmer was not a resident or qualified alderman, the city failed to follow unspecified rules and regulations, and he should not have been terminated based on an "unsubstantiated allegation."

¶10. Mississippi Code Annotated section 11-51-75 permits a party aggrieved by such a decision of a municipal authority to appeal to circuit court by filing a bill of exceptions within ten days. "The statute's ten (10) day time limit in which to appeal the decision of a [b]oard is both mandatory and jurisdictional. Where an appeal is not perfected within the statutory time constraints no jurisdiction is conferred on the appellate court; and the untimely action should be dismissed." *Newell v. Jones Cty.*, 731 So. 2d 580, 582 (¶10) (Miss. 1999) (citation omitted); *accord, e.g.*, *Claiborne Cty. v. Parker*, 26 So. 3d 1078, 1080 (¶4) (Miss. Ct. App. 2009) (holding that the circuit court lacked jurisdiction to review the board's

decision to terminate an employee where the employee failed to appeal within ten days).  An appeal to circuit court pursuant to section 11-51-75 is the "exclusive remedy" for a party aggrieved by the decision of a municipal authority.  *E.g.*, *Malone v. Leake Cty. Bd. of Sup'rs*, 841 So. 2d 141, 145 (¶9) (Miss. 2003).  Williams's complaint was filed more than fourteen months after the board's decision.  Therefore, the circuit court properly dismissed his wrongful termination claim for failure to comply with section 11-51-75's mandatory time limit.

¶11.    Williams argues that, despite his failure to file a timely appeal, the circuit court had jurisdiction to consider his claim based on his allegations that the board's decision was procedurally improper and that Farmer was not a qualified alderman.  Williams presented no evidence regarding Farmer's residency, and he fails to specify what procedures were not followed.  In any event, the Mississippi Supreme Court has squarely rejected the argument that a mere allegation of "unlawful" action by a board operates to suspend the requirements of section 11-51-75.  *Newell*, 731 So. 2d at 582 (¶¶10-11).  In *Newell*, three months after a board of supervisors entered into a garbage collection contract, residents filed a complaint for a declaratory judgment challenging the contract.  *Id.* at (¶10).  The residents argued that section 11-51-75 did not apply because the board's failure to comply with statutory prerequisites rendered its action "unlawful."  *Id.* at 580-82 (¶¶4, 11).  The Supreme Court rejected this argument, holding that section 11-51-75 applied because the board acted, and its action was final, thereby triggering the statute's mandatory ten-day time limit.  *Id.* at 582 (¶11).  The same is true in the present case.  If Williams believed that the board's action was

unlawful, he was required to appeal its decision within ten days. Because he failed to do so, his claim for wrongful termination was properly dismissed.[1]

¶12. As noted above, Williams also argues that section 11-51-75's ten-day time limit does not apply because "there was no final action or decision from which [he] could have appealed." The argument under this heading essentially repackages Williams's unsupported claim that Farmer is not a bona fide alderman. He contends that a decision that depends on the vote of an unqualified alderman is not "final." For the same reasons discussed above, this argument is without merit. The board's action was final on its face. If Williams desired to challenge the action taken, he was required to comply with section 11-51-75.

¶13. Finally, Williams argues that his failure to file a timely appeal should not bar his claim because "the board induced [him] into sleeping on his rights." The only evidence that he cites in support of this claim is his August 29, 2013 letter to the board requesting a hearing on his termination. In a proposed amended complaint,[2] Williams alleged that Farmer told

---

[1] The ten-day time limit in section 11-51-75 is also unaffected by the fact that Williams sued Farmer in his individual capacity. *See Foster v. Edwards*, 61 So. 3d 960, 964 (¶10) (Miss. Ct. App. 2011) ("Because [plaintiffs'] action was, in reality, an appeal of a municipal authority's decision, section 11-51-75 applied" even though they purported to sue the mayor and board individually.).

[2] The circuit court did not grant Williams's motion to amend his complaint, which was filed after the defendants moved for summary judgment. Cursory assertions that the chancellor abused her discretion by not granting leave to amend are interspersed within the argument section of Williams's brief on appeal. However, Williams does not identify the issue in his statement of issues or present the issue separately within the body of his brief. Accordingly, the issue is waived. M.R.A.P. 28(a)(3), (7); *see Bolden v. State*, 166 So. 3d 568, 571 (¶7) (Miss. Ct. App. 2015); *Wilson v. Wilson*, 79 So. 3d 551, 560 (¶39) (Miss. Ct. App. 2012); *Reed v. State*, 987 So. 2d 1054, 1056-57 (¶¶7-8) (Miss. Ct. App. 2008); *Starks v. State*, 798 So. 2d 562, 566 (¶14) (Miss. Ct. App. 2001).

him that at the August 19, 2013 board meeting he would be given an opportunity to prove that he did not steal the city's lawnmower. Williams alleges that the board did not give him that opportunity at its August 19 meeting, which is why he then wrote a letter requesting a hearing. Williams's argument is without merit. To begin with, his allegation fails to meet the requirements of Mississippi Rule of Civil Procedure 56(e).[3] But even if we accept the allegation as true, and even if the city could be estopped by Farmer's alleged promise, this explains only a few days of delay on Williams's part. As noted above, Williams filed his complaint *fourteen months* too late, far beyond the statute's ten-day time limit. The alleged promise of a hearing cannot possibly excuse Williams's failure to comply with the statute for fourteen months.

¶14.     In summary, because Williams failed to comply with section 11-51-75's mandatory ten-day time limit, the circuit court properly dismissed his wrongful termination claim. *See Newell*, 731 So. 2d at 582 (¶10). Furthermore, because an appeal pursuant to section 11-51-75 was the exclusive remedy available to Williams to challenge the board's decision, the dismissal of his wrongful termination claim should have been with prejudice. *Hood v. Perry Cty.*, 821 So. 2d 900, 902 (¶¶5-10) (Miss. Ct. App. 2002); *accord Pratt v. City of Greenville*, 918 So. 2d 81, 83 (¶¶5-12) (Miss. Ct. App. 2006); *Lucas v. Williamson*, 852 So. 2d 67, 68-69 (¶5) (Miss. Ct. App. 2003).

## II.     Williams's slander and defamation claims fail as a matter of law.

---

[3] A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." M.R.C.P. 56(e).

¶15. Pursuant to the MTCA, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted . . . slander [or] defamation . . . ." Miss. Code Ann. § 11-46-5(2) (Rev. 2012). Thus, the city is immune from liability on any claim that Farmer slandered or defamed Williams.[4] Farmer argues that any slander or defamation claim against him in his individual capacity also fails because, among other reasons, it is barred by the statute of limitations. For the reasons that follow, we agree.

¶16. "Defamation is divided into two torts, including libel for written defamations and slander for oral ones." *Funderburk v. Johnson*, 935 So. 2d 1084, 1101 (¶45) (Miss. Ct. App. 2006). All such claims must be filed within one year after the cause of action accrued. Miss. Code Ann. § 15-1-35 (Rev. 2012). Williams's complaint alleges that Farmer defamed him at the August 6, 2013 board meeting by accusing him of stealing a lawnmower. Williams's complaint was not filed until October 29, 2014, beyond the applicable one-year statute of limitations as it relates to any alleged slander on the date of the board meeting.

¶17. In his reply brief on appeal, Williams argues that his slander claim is not time-barred because his proposed amended complaint (*see supra* n.2) alleged that "Farmer . . . continued to defame and otherwise slander [him] throughout the year." By "throughout the year," Williams apparently means that Farmer slandered him on at least one occasion within the applicable limitations period. It is true that "[e]ach repetition of slanderous words is a

---

[4] As an alderman, Farmer is an "employee" of the city for purposes of the MTCA. *See* Miss. Code Ann. § 11-46-1(f) (Rev. 2012).

8

distinct cause of action," so the statute of limitations may not bar a claim based on slanderous statements uttered within the limitations period, even if it would bar a claim based on prior, similar statements. *Ladner v. Arrington*, 374 So. 2d 831, 832-33 (Miss 1979). However, the vague allegation in Williams's proposed amended complaint was never placed before the circuit court in an affidavit or other form sufficient to show that there is a genuine issue of fact for trial. M.R.C.P. 56(e); *see supra* n.3. Moreover, the allegation of continued slander "throughout the year" is insufficient even to state an actionable claim for slander within the applicable limitations period. *See Chalk v. Bertholf*, 980 So. 2d 290, 296-99 (¶¶11-19) (Miss. Ct. App. 2007) (discussing the elements of slander and the particularity with which the claim must be pled). In any event, because Williams never placed this vague allegation before the circuit court in a form in which it could be considered under Rule 56, Farmer was entitled to summary judgment on Williams's slander claim on the ground that the claim was barred by the statute of limitations.[5]

---

[5] Although Williams does not repeat the argument on appeal, in the circuit court he also argued that the limitations period was tolled pursuant to the MTCA for ninety-five days after he served the city with his notice of claim. *See* Miss. Code Ann. § 11-46-11(3). However, as explained above, any conduct by Farmer constituting defamation or slander "shall not be considered . . . within the course and scope of [Farmer's] employment." Miss. Code Ann. § 11-46-5(2). Because "these intentional torts are outside the scope of the MTCA's waiver of immunity, . . . the MTCA does not apply." *Zumwalt v. Jones Cty. Bd. of Sup'rs*, 19 So. 3d 672, 688 (¶83) (Miss. 2009). And because "the MTCA does not apply to these torts, . . . any legal action against a governmental employee for these intentional torts must necessarily proceed against him or her as an individual." *Id.* at (¶84). Therefore, because the MTCA expressly does not apply to claims for defamation or slander, it necessarily follows that the MTCA's notice provision does not apply to Williams's slander claim. *Id.* at (¶85); *accord McGehee v. DePoyster*, 708 So. 2d 77, 79-81 (¶¶7-11) (Miss. 1998). And because the MTCA's notice provision does not apply to Williams's claim against Farmer, it also follows that his service of such notice on the city did not serve to toll the statute of limitations pursuant to that provision. Stated differently, the MTCA's statute

## CONCLUSION

¶18. For the foregoing reasons, the circuit court properly dismissed the complaint. However, the dismissal should have been with prejudice because Williams failed to avail himself of the "exclusive remedy" available to him with respect to his wrongful termination claim; because his defamation claim against the city is barred by sovereign immunity; and because his defamation claim against Farmer is barred by the statute of limitations. Accordingly, we affirm the dismissal of the complaint, but we modify and render the judgment of the circuit court as a dismissal with prejudice.

¶19. **THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT IS AFFIRMED IN PART, AND MODIFIED AND RENDERED IN PART AS A DISMISSAL WITH PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

of limitations is distinct from the statute of limitations applicable to non-MTCA defamation claims. The tolling provision of the MTCA's statute of limitations, section 11-46-11(3), does not toll the separate statute of limitations applicable to non-MTCA defamation claims, Miss. Code Ann. § 15-1-35. The latter applies to Williams's claim against Farmer, and it was unaffected by—and expired notwithstanding—Williams's service of a notice of claim on the city.